LUMPKINS by his next friend LUMPKINS *v.* JUSTICE and Wife.

A declaration need not allege that the written consent of the *prochein amy* was filed in the clerk's office before process issued; but if it is not so filed, the defendant may move to dismiss the suit.

Nov. Term, 1849.

LUMPKINS
v.
JUSTICE.

Living in open and notorious fornication or adultery is an indictable offence; but the mere act of fornication or adultery is not indictable.

Where the mere charge of fornication or adultery is against a man, the words are not actionable by statute.

The getting of an unmarried woman with child, is not an indictable offence; and the charge of such offence is not actionable, unless made so by statute.

A declaration in a suit for slander, for charging the plaintiff with the crime of incest, must aver that both the plaintiff and his sister were at least sixteen years of age when the child was begotten, and that the defendant meant, that the illicit intercourse was with the knowledge of the parties, or at least of the plaintiff, of the consanguinity.

Saturday, December 15.

ERROR to the *Putnam* Circuit Court.

BLACKFORD, J.—This was an action of slander, brought by *Robert Lumpkins*, for words spoken by the female defendant. Special demurrer to the declaration, and judgment for the defendants.

The declaration commences as follows : "*Robert Lumpkins*, by *Rebecca Lumpkins*, who is admitted by the Court here to prosecute for the said *Robert*, who is an infant, within the age of twenty-one years, to-wit, of the age of twenty years last past, as the next friend of the said *Robert*, complains," &c.

This commencement of the declaration is objected to, because it does not allege the *prochein amy's* written consent to act, and the filing of such consent in the clerk's office. We do not think this objection tenable. It is true, that the statute requires the *prochein amy's* written consent to act to be given, and to be filed before the process issues—R. S. p. 879—but we can see no reason why the declaration should allege those facts. When the statute, as to this matter, has not been complied with, the defendant may move to dismiss the suit.

The declaration alleges, that before the committing of the grievances complained of, one *Martha Jane Lumpkins*, an unmarried woman, was the sister of the plaintiff, and known to be so among his neighbors and others, and by the female defendant; that said *Martha Jane* was pregnant, and known to be so by the female defendant; and

that at the time said *Martha Jane* was gotten with child, the plaintiff was over the age of sixteen years.

Nov. Term, 1849.

LUMPKINS
v.
JUSTICE.

The declaration further alleges that the female defendant, to cause it to be suspected and believed that the plaintiff had been guilty of incest, and to subject him to the pains and penalties inflicted upon persons guilty thereof, theretofore, to-wit, on, &c., at, &c., in a certain discourse which she, the female defendant, had with one *Mary Wasner*, of and concerning the plaintiff, and of and concerning his said sister's pregnacy, and of and concerning the crime of incest, then and there, in the presence, &c., falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning the crime of incest, and of and concerning the pregnancy of the plaintiff's said sister, these false, scandalous, and defamatory words following—that is to say, *Robert Lumpkins*, (meaning said plantiff,) got his own sister, (meaning said *Martha Jane Lumpkins*,) with child.

There are various other words alleged to have been spoken by the female defendant of the plaintiff, but they are all substantially the same with those we have just set out.

The declaration states that the female defendant, by said words, meant that the plaintiff had been and was guilty of the crime of incest; and it concludes in the usual form.

There are two causes of demurrer assigned. The first relates to the commencement of the declaration, and has been already answered. The other cause is, that the plaintiff's said sister is not averred to have been at least sixteen years old at the time she was gotten with child.

The living in open and notorious fornication or adultery is an indictable offence; but the mere act of fornication or adultery, without living in the manner aforesaid, is not indictable—R. S. p. 977. The mere charge, therefore, of fornication or adultery, (nothing being said as to the parties living as above mentioned,) is not actionable, unless made so by statute. Where the charge

of fornication or adultery is against a man, the words are not actionable by statute—R. S. p. 691—so, the getting of an unmarried woman with child is not an indictable offence; and the charge of such offence, therefore, is not actionable, unless made so by the statute. There is no statute on the subject.

If the words laid in the declaration are actionable, it is because they contain a charge of the crime of incest. The innuendo attached in the declaration to the statement of the words is as follows : " thereby meaning that the plaintiff had been and was guilty of the crime of incest." That crime, so far as it relates to the illicit intercourse of a brother and sister, is defined by the statute in these words: " If any brother and sister, being of the age of sixteen years and upwards, shall have sexual intercourse together, having knowledge of their consanguinity, every brother or sister so offending shall be deemed guilty of incest, and on conviction thereof shall be imprisoned," &c.   R. S. p. 969.   It appears to us, that, to bring a case within this definition of incest, the parties must both be, at least, sixteen years of age, at the time of the intercourse ; the words " being of the age," &c., referring to brother *and* sister.   The subsequent words, " every brother *or* sister so offending," &c., only means that the parties shall, on conviction, each be imprisoned. That being the case, the declaration should have averred that both the plaintiff and his sister were, when the child was begotten, at least sixteen years of age.

There is another objection to the declaration.   The illicit intercourse of a brother with his sister is not within the definition of the crime of incest, if he did not know of the relationship at the time of the act.   Perhaps neither of them can be guilty of the crime, unless the relationship was known to them both.   At all events, the plaintiff did not commit the crime, unless, at the time of the intercourse, he knew of the consanguinity.   Now, in this declaration, there is nothing in the prefatory allegations and colloquium showing the female defendant meant, or

was understood to mean, by the words charged, that the plaintiff knew, when he got his sister with child, that she was his sister.

It has been held, that the saying of the plaintiff that he had passed counterfeit money is not actionable, without a colloquium showing that the words were spoken concerning the commission, by the plaintiff, of the offence of passing counterfeit money, *knowing it to be such*—*Church v. Bridgman*, 6 Miss. 190—so a charge that the plaintiff had received stolen goods would not be actionable, unless it appeared, by extrinsic matter, that the defendant meant, by the words, that the plaintiff, when he received the goods, *knew them to have been stolen*. So, in the present case, there being nothing in the declaration to show that the female defendant meant that the illicit intercourse was with the knowledge of the parties, or at least of the plaintiff, of the consanguinity, the declaration was, for that reason, defective.

*Per Curiam.*—The judgment is affirmed with costs.

*E. W. McGaughey* and *J. Cowgill*, for the plaintiff.

*J. A. Wright*, for the defendants.