May Term,
1860.

THE STATE
v.
GARTRELL.

# THE STATE v. GARTRELL.

An affidavit charging a person with living in open and notorious adultery or fornication, must allege a *living together*. Occasional illicit intercourse between the defendant and the woman named, is not sufficient ground for the charge.

If the affidavit is bad, the information, though otherwise sufficient, will be quashed.

Saturday,
June 2.

APPEAL from the *Warren* Court of Common Pleas.

WORDEN, J.—Information against the appellee, for living in open and notorious adultery. On motion of the defendant, the information was quashed, and the state excepted. The affidavit on which the information was predicated, charges that on the 24th day of *October*, A. D. 1857, at said county, the defendant, "a married man, did commit and live in open and notorious adultery with *Emma Dawson*, by then and there having carnal knowledge of the said *Emma*," &c. The statute on which the information is based, provides that "every person who shall live in open and notorious adultery or fornication, shall be fined," &c. 2 R. S. p. 433.

Under a similar statute of 1838, it was held that, in order to make out the offense, there must be a "living together," and that occasional illicit intercourse between the defendant and the woman named, is not sufficient to make out the offense. The Court remark that "the offense consists in open and notorious cohabitation, and unless it be of that character, it is not indictable." *Wright* v. *The State*, 5 Blackf. 358.

With this exposition of the statute before us, it seems that the affidavit is wholly insufficient. It charges that the defendant "did commit and live in open and notorious adultery with" the woman. Had it stopped there, it would probably have been sufficient. But it goes on to explain how it was done, viz., "by then and there having carnal knowledge of her." It amounts to nothing more, taken all together, than a charge that, at the time and place named, the defendant committed adultery with the woman.

This, we have seen, does not come within the provisions of the statute. Were the affiant indicted for perjury on this affidavit, it seems to us that he could not be convicted if he proved that the carnal intercourse took place as alleged, although it should appear that there was no living in open and notorious adultery; because by the latter branch of the affidavit he qualifies and explains what he means by the former.

We have not examined whether the information is sufficient or is bad, as there must be a sufficient affidavit, otherwise the information may be correctly quashed. A defective affidavit is not cured by a sufficient information. *The State* v. *Downs*, 7 Ind. R. 237.—*The State* v. *Wise*, *id.* 645.

*Per Curiam.*—The judgment is affirmed.

*J. Parks*, for the state.