## CLOUSER v. CLAPPER.

CRIMINAL CONVERSATION.—*Defence.*—*Condonation.*—*Pleading.*—In an action for criminal conversation, the defendant answered, that, prior to the commission of the alleged offence, the plaintiff's wife had committed adultery with others, and that the plaintiff, with knowledge of such adultery, had continued to cohabit with her for more than two years immediately preceding the commission of the defendant's alleged offence.

*Held*, on demurrer, that the answer is insufficient.

SAME.—*Damages.*—Twenty-five hundred dollars damages, in an action by a husband, against his family physician, for criminal conversation, are not excessive.

SAME.—*Criminal Law.*—*Adultery.*—Occasional acts of adultery are not punishable criminally.

SAME.—*Evidence.*—*Bad Character of Wife.*—*Mitigation of Damages.*—*Nominal Damages.*—In an action for criminal conversation, the general bad character of the wife, if not caused by her seduction by the defendant, may be given in evidence in mitigation of damages, though not necessarily reducing them to a merely nominal sum.

SAME.—*Condonation.*—Condonation with the wife of adultery committed by her is no bar to an action by the husband, against the adulterer, for damages.

PRACTICE.—*New Trial.*—*Newly-Discovered Evidence.*—A motion for a new trial, on the ground of newly-discovered evidence, must show that due diligence to discover the same had been used before the trial.

From the Grant Circuit Court.

*J. Brownlee*, *H. Brownlee*, *J. F. McDowell* and *G. L. McDowell*, for appellant.

*W. A. Bonham*, *J. Cantwell* and *R. T. St. John*, for appellee.

PERKINS, J.—Suit by George B. Clapper, against Nelson D. Clouser, for criminal conversation with the plaintiff's wife.

Answer of general denial; and, secondly, "that the said plaintiff's wife had been, before the committing of the several grievances in his, plaintiff's, complaint, guilty of adultery with divers persons whose names are unknown to defendant, which he, the plaintiff, well knew; that after so knowing that his wife had been so guilty, he, the said plaintiff, continued to cohabit with her more than two years immediately before the committing of said grievances mentioned in his, said plaintiff's, complaint."

A demurrer was sustained to this paragraph of answer, and exception saved.

There was no error in this ruling; the paragraph of answer was bad. Mere knowledge, without regard to time when, was not necessarily a bar to the action; but consent would have been, upon the ground that there is no injury to the willing. Consent was not averred, nor facts, such as connivance, collusion or acquiescence, from which it might have been inferred. See *Sherwood* v. *Titman*, 55 Pa. St. 77; 2 Hilliard Torts, 4th ed., 508, sec. 20.

It is claimed, that the paragraph of answer showed condonation. This may be true, so far as the wife was concerned; but condonation as to the wife was not condonation as to the defendant. *Sanborn* v. *Neilson*, 4 N. H. 501; Bigelow Leading Cases on Torts, 338.

Condonation may be a bar to an action for a divorce. *Armstrong* v. *Armstrong's Adm'r*, 27 Ind. 186.

The case was tried by a jury, who returned a verdict for the plaintiff, in the sum of twenty-five hundred dollars, and there was judgment, over a motion for a new trial, on the verdict.

The causes specified in the motion for a new trial were :

1. Verdict contrary to law, and unsustained by evidence ;

2. Excessive damages ;

3. Newly-discovered evidence ;

4. " The court erred in refusing to give the instructions as requested ;"

5. " The court erred in charging the jury, that the fact that the plaintiff and his wife may have cohabited and lived together, after he had knowledge that his wife had been guilty of adultery with defendant, is not a bar to his, plaintiff's, action, but is matter in mitigation of damages."

The error assigned in this court is the refusal to grant a new trial.

We proceed to notice the causes for a new trial :

1. The verdict was not contrary to law, and was overwhelmingly sustained by the evidence.

2. The damages were not excessive. The defendant was the plaintiff's family physician, and as such became acquainted with his wife. The plaintiff was a laboring man, whose employment kept him generally from home. The defendant was in the habit of taking advantage of this fact, and, during the absence of the husband thus occasioned, visiting, and at length having sexual intercourse with, his wife. Prior to this intercourse, the jury may have found her character to have been good. Isolated acts of adultery are not punishable criminally. It is only living in adultery that is criminally punished. The defendant, therefore, was not in danger of being twice punished for the adultery.

3. No diligence is shown to have been exercised to

discover, before the trial, the testimony alleged to have been since discovered, though the witnesses resided in the county, and, we may add, the testimony itself was unimportant.

The following are the instructions refused by the court:

" 1.   The fact that the defendant may have had criminal intimacy with the plaintiff's wife is not alone sufficient to entitle him to recover, if you should find that her character was, and is, bad.   This is not a question of morals, but a suit for damages, which the plaintiff sustained, for the loss of the society of his wife.   Then, if you find her character was bad, you should allow the plaintiff but nominal damages.

" 2.   If the jury find that the plaintiff's wife was guilty of criminal intercourse with men, of which the plaintiff had knowledge, and lived and cohabited with her after such knowledge, you should find for the defendant.   The law does not allow a husband to cohabit with his wife, after he has reason to believe that she has been thus guilty, and maintain this action."

The court did not err in refusing to give these instructions.   The first was too vague, and did not correctly state the law.   General bad character of the wife might go in mitigation.   Field Damages, 117.   At all events, if it was not occasioned by her seduction by the defendant in the case, it would not necessarily reduce them to a merely nominal sum.

The second instruction refused did not express the law.

5.   If the court committed any error in instructing the jury, as was alleged in the fifth cause for a new trial, it was in favor of the defendant.   The fact that the plaintiff lived and cohabited with his wife, after he had knowledge of her illicit intercourse with the defendant, was no bar to the action.   We are not prepared to say, that, as matter of law, it should mitigate the damages recoverable by the injured husband from the defendant.

As we have seen, it was no condonation of the offence as to him.

The judgment is affirmed, with costs.