THE STATE v. STEPHENS.

CRIMINAL LAW.—*Open and Notorious Fornication.—Indictment.*—An Indictment charged, that, on and from a certain day, until another specified day, at a certain county in this State, the defendant " unlawfully lived in open and notorious fornication together with one " E. E., "a woman," etc. *Held*, on motion to quash, that the indictment sufficiently charges the alleged fornication.

From the Wabash Circuit Court.

*T. W. Woollen*, Attorney General, *M. Good*, Prosecuting Attorney, and *A. Davis*, for the State.

*M. H. Kidd*, for appellee.

BIDDLE, J.—The appellee was indicted for living in open and notorious fornication, under the following section of the act defining and prescribing the punishment of misdemeanors :

" SEC. 21. Every person who shall live in open and notorious adultery or fornication shall befined in any sum not exceeding one thousand dollars, and imprisoned not exceeding twelve months." 2 R. S. 1876, p. 466.

The indictment is in the following words :

" The grand jurors of Wabash county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to enquire into felonies and certain misdemeanors, in and for the body of said county of Wabash, in the name and by the authority of the State of Indiana, on their oaths present, that one Henry Stephens, late of said county, on the 1st day of September, A. D. 1876, at said county and State aforesaid, and from that day until the 1st day of March, 1878, in said county, unlawfully lived in open and notorious fornication together with one Eliza Enyart, a woman, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

On motion of the appellant, the indictment was quashed.

The State excepted, and appealed to this court.

As the appellee has not favored us with a brief, we are not informed of the ground upon which the court quashed the indictment. It appears to us to be sufficient. This court has held, that, in an indictment for fornication, the offence need not be defined any more particularly than in the words of the statute. *Hood* v. *The State*, 56 Ind 263. Nor need it be averred that the woman, with whom the the offence was committed, was unmarried. *The State* v. *Gooch*, 7 Blackf. 468. The word fornication implies, in its meaning, that the woman with whom it is committed is unmarried. Fornication is sexual intercourse between a man, married or single, and an unmarried woman; the sexual intercourse, therefore, need not be averred. *Hood* v. *The State, supra.*

In some of the states, as in Massachusetts, where fornication is particularly defined by the statute, and incurs special penalties when committed with certain classes of persons, the rule is otherwise; but Mr. Wharton says, that " The fact that the defendants are not married to each other need not, as a general rule, be averred, when the statutory

term 'fornication' is used; and the precedents in use mostly rest on this view." Wharton Crim. Law, sec. 2668.

And so are the precedents in this State. See the following cases: *Wright* v. *The State*, 5 Blackf. 358; *The State* v. *Gartrell*, 14 Ind. 280; *The State* v. *Record*, 16 Ind. 111; *Robinson* v. *The State*, 57 Ind. 113.

It seems to us that the court erred in quashing the indictment.

The judgment is reversed, and the cause is remanded, with instructions to overrule the motion to quash the indictment, and for further proceedings.