## The State *v.* Johnson.

Criminal Law.—*Fornication and Adultery must be Open and Notorious.*—Under section 21 of the misdemeanor act as amended by the act of March 9th, 1867, 2 R. S. 1876, p. 466, adultery or fornication, to constitute a public offence, must be open and notorious.

Same.—*Indictment—No Common Law Offences in this State.*—As there are no common law offences in this State, it is not a public offence for any person to live in adultery or fornication ; and an indictment which charges that the defendant lived in fornication with a named person, but does not charge that such fornication was open and notorious, is insufficient.

From the Grant Circuit Court.

*T. W. Woollen*, Attorney General, *C. W. Watkins*, Prosecuting Attorney, and *A. Moore*, for the State.

*G. W. Harvey*, for appellee.

Howk, C. J.—The indictment against the appellee, in this case, charged, "that on the 1st day of July, 1879, and in the county of Grant and State of Indiana, one Enos Johnson, on said day, and on divers other days and times as well before as after that date, and previous to this presentment, at the house of said Enos Johnson, in Van Buren township, in said county and State, he, the said Enos

Johnson, then and there being a single unmarried man, and Elizabeth C. Wadington, whose real name is to the grand jurors unknown, she being then and there an unmarried woman, and at all of said times the said Enos Johnson and Elizabeth C. Wadington, whose real name is unknown as aforesaid, not being married to each other, did then and there during said time unlawfully live and cohabit together, as man and wife, contrary to the statute," etc.

The appellee moved the court to quash this indictment, which motion was sustained, and to this decision the State, by its attorney, excepted, and the court discharged the appellee.

The State has appealed to this court and has here assigned, as error, the decision of the circuit court in sustaining appellee's motion to quash the indictment.

Did the court err in quashing the indictment on appellee's motion ? This is the only question in this case for the decision of this court. In section 101 of the criminal code of this State, it is provided that "The court may quash an indictment, on motion, when it appears upon its face," *inter alia,* "that the facts stated do not constitute a public offence." 2 R. S. 1876, p. 399. It is evident, we think, from the language used in the indictment, that it was intended to charge the appellee, therein and thereby, with the commission of the misdemeanor which is defined and its punishment prescribed in section 21 of the misdemeanor act of June 14th, 1852, as the section was amended by an act approved March 9th, 1867. The section, as amended, reads as follows :

" Sec. 21. Every person who shall live in open and notorious adultery or fornication shall be fined in any sum not exceeding one thousand dollars, and imprisoned not exceeding twelve months." 2 R. S. 1876, p. 466; Acts 1867, p. 105.

If the indictment in the case now before us, with the

preliminary allegations of fact therein in regard to the status and condition of the appellant and the woman named, as individuals and towards each other, had closed with the charge that they did then and there, during said time, openly and notoriously live and cohabit together, as man and wife, then the indictment would have stated the facts which constitute the offence under the statute, instead of a legal conclusion, and would have withstood the appellee's motion. Under the law of this State, it is not a public offence for any person to live in adultery or fornication; for, by the express terms of the statute, the adultery or the fornication must be open and notorious, and the person must live therein in that manner, else he will not be guilty of the misdemeanor, nor liable to its punishment. It is *contra bonos mores*, and therefore unlawful, to live in adultery or fornication; but, in this State, there are no common law offences. In section 2 of "An act declaring the law governing this State," approved May 31st, 1852, it is provided that "Crimes and misdemeanors shall be defined, and punishment therefor fixed, by statutes of this State, and not otherwise." 1 R. S. 1876, p. 606. It will be observed that the section of the misdemeanor act, above quoted, does not define either adultery or fornication; but it declares, by the qualifying words "open and notorious," what kind of adultery or fornication shall constitute a public offence.

In the case of *Hood* v. *The State*, 56 Ind. 263, this court judicially declared the definition of fornication as follows: " Fornication is sexual intercourse between a man, married or single, and an unmarried woman." It seems to us that the indictment in this case charged that the appellant lived in fornication with the woman named therein; but that it did not charge that such fornication was open and notorious, by the use either of those words or of

equivalent words. For this reason we think that the indictment was insufficient, and the appellee's motion to quash it was correctly sustained.

The judgment below is affirmed.