Filed June 21, 1884.

---

No. 11,755.

THE STATE *v.* CHANDLER.

CRIMINAL LAW.— *Fornication.*— *Adultery.* — *Indictment.*—An indictment, charging that at, etc., on, etc., C., a married man and B., an unmarried woman, said C. and B. not being then and there married to each other, did unlawfully live and cohabit together as man and wife, is good under section 1991, R. S. 1881.

From the Monroe Circuit Court.

*F. T. Hord,* Attorney General, and *J. E. Henley,* for the State.

*J. H. Louden* and *R. W. Miers,* for appellees.

ELLIOTT, C. J.—The court below sustained appellee's motion to quash the indictment, and the State appeals.

The charging part of the indictment reads as follows : "One William Chandler, late of said county, on the 14th day of August, A. D. 1883, and on divers other days and times, as well before as after that date, and previous to this presentment, at said county and State aforesaid, being a married man and having a lawful wife then living, and Grace Beeman, at the time being unmarried, and Grace Beeman and said Chandler, not being married to each other, did then and there during said time unlawfully live and cohabit together as man and wife." The statute on which the prosecution is based reads thus : " Whoever cohabits with another in a state of adultery or fornication shall be fined in any sum not exceeding five hundred dollars, and imprisoned in the county jail not exceeding six months." The objection to the indictment is that it does not charge that the defendant and Grace Beeman lived together in a state of fornication or in a state of adultery.

It has been many times decided that the general rule is that if the offence is charged either in the language of the statute, or in language of like import and equivalent meaning, the indictment will be held good. In the present case the language used is not that of the statute, and the question is whether that employed is equivalent to that found in the statute.

The term *cohabit* has not such a broad and certain meaning as that annexed to it by the State. The word is not one of a certain meaning, for the lexicographers define it to mean " to dwell with another in the same place ; " " to live together as husband and wife." Worcester's Dict. ; Webster's Dict. Bouvier says : " The word does not include, in its signification, necessarily, the occupying the same bed ; 1 Haag. Cons. 144 ; 4 Paige Ch. 425 ; though the word is popularly, and sometimes in statutes, used in this latter sense ; 20 Mo. 210 ; Bishop Mar. and Div., section 506, *n*.    *    *    Used with-

out reference to the relation of the parties to each other as husband and wife, or otherwise." The word, considered apart from the words with which it is associated, can not, then, be taken as equivalent to the language of the statute, for it can not be inferred from the use of the word that the parties were guilty of adultery or fornication. The statute itself employs the word in the sense of living together, but does not annex to it the signification claimed. The word as used in the statute does not signify a state of adultery or fornication, for the words with which it is associated forbid such an interpretation. The rule is that every word of a statute shall be given force unless in so doing violence is done to the intention of the Legislature.

It is, however, contended that the words "as man and wife," give to the word cohabit a meaning equivalent to that conveyed by the words " in a state of fornication." We are inclined to think that this contention should prevail. The word " cohabit " is, as we have seen, a word susceptible of meaning a dwelling together as husband and wife, and we think that the language with which it is associated in the indictment does give it this meaning. If the word " cohabit " had a fixed and definite meaning, it might be that a different rule would prevail, but it is capable of two or more meanings, and one meaning of which it is susceptible is that which the words with which it is associated assign to it, namely, living together as husband and wife.

Taking the whole indictment into consideration, we think it charges the offence of cohabiting in a state of fornication.

The rule in this State is that sexual intercourse between a man, whether married or not, and an unmarried woman, is fornication. *Hood* v. *State*, 56 Ind. 263 (26 Am. R. 21). The relation and status of the appellant and Grace Beeman are shown, and as a conclusion of law the court can adjudge that sexual intercourse between them constituted fornication.

The indictment is in form like a precedent given in a work

on criminal law, and the reasoning in one of our cases goes far to sustain it. Moore Crim. Law, section 609; *State v. Johnson*, 69 Ind. 85. Judgment reversed.

Filed June 28, 1884.