POWELL *v.* STATE OF INDIANA.

[No. 23,352.   Filed January 17, 1918.]

LEWDNESS.—*Cohabitation.*—*Evidence, Sufficiency.*—On a charge, under §2353 Burns 1914, Acts 1905 p. 690, that the accused cohabited in a state of adultery with C, a married woman, on or about December 16, 1916, and at divers times thereafter; evidence showing that, on December 9, 1916, the accused and a woman described, but not positively identified, as C registered as man and wife and spent the night at a hotel, and that on three other occasions within the following month he and C were seen together on the streets, was insufficient to convict; since it not only failed to show that either was married on the date alleged, or that the accused and his companion were not mar-

ried on the date proved, but failed also to show cohabitation, proof of which must show a dwelling together for a period of time as distinguished from transient interviews for unlawful, illicit intercourse.

From Howard Circuit Court; *William C. Overton,* Judge.

Prosecution by the State of Indiana against Bernard Powell. From a judgment of conviction, the defendant appeals. *Reversed.*

*Bell, Kirkpatrick, Purdum & Voorhis,* for appellant.
*Ele Stansbury, Elmer E. Hastings* and *Dale F. Stansbury,* for the state..

SPENCER, C. J.—Appellant was tried and convicted on an indictment which charges him with living and cohabiting in a state of adultery with one Cora Cullins, a married woman, on or about December 16, 1916, and at divers times thereafter. In support of this charge the state introduced testimony to the effect that on the evening of December 9, 1916, appellant and "a slender woman with dark hair and eyes," who was not more positively identified, registered as man and wife at a hotel in Kokomo and spent the night there. On three subsequent occasions within the following month appellant and Mrs. Cullins, who is described as of slender build and with dark hair and eyes, were seen together on the streets of Greentown, Sycamore and Logansport respectively. It is only by inference that the fact of the marriage of either party at any time may be said to have been established and even this proof is lacking for the occasion fixed in the indictment. It does not appear that appellant and his companion on the evening of December 9 were not in fact husband and wife, and the proof required by the statute (§2353 Burns 1914, Acts 1905 p. 584, 690) as to cohabitation on the part of appellant and Mrs. Cullins was not made. We quote, as

applicable to the record in this case, the following portion of the opinion in *Richey* v. *State* (1908), 172 Ind. 134, 136, 87 N. E. 1032, 1033, 139 Am. St. 362, 19 Ann. Cas. 654: "To cohabit, in the sense in which that word is used in this statute, is for a man and woman to live together in the manner of husband and wife. * * * 'It implies a dwelling together for some period of time, and is to be understood as something different from occasional, transient interviews, for unlawful and illicit intercourse.'" See, also, *Jackson* v. *State* (1888), 116 Ind. 464, 19 N. E. 330; *Clouser* v. *Clapper* (1877), 59 Ind. 548, 550. The evidence in this case does not sustain the decision of the circuit court and it is, therefore, contrary to law. This conclusion renders unnecessary a consideration of other questions presented by appellant.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.

NOTE.—Reported in 118 N. E. 354. Cohabitation: what constitutes the offense within meaning of statute, 113 Am. St. 273; 25 Cyc 210, 216.