TRIBBEY *v*. STATE OF INDIANA.

[No. 23,571.   Filed March 17, 1918.]

1. INDICTMENT AND INFORMATION.—*Adultery.*—*Sufficiency of Indictment.*—In an indictment of the defendant for cohabiting with another in a state of adultery, in violation of §2353 Burns 1914, Acts 1905 p. 584, §457, it was sufficient to follow the language of the statute, without alleging that the parties named lived and cohabited as husband and wife.  p. 207.

2. CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—*Instructions.*—The instructions not being in the record by a bill of exceptions. no question concerning the ruling of the court in giving or refusing instructions will be considered on appeal.  p. 207.

3. CRIMINAL LAW.—*Appeal.*—*Evidence.*—*Weight.*—As against the objection that the verdict is not supported by sufficient evidence and is contrary to law, the verdict will be upheld on appeal unless there is a total failure of evidence as to an essential element of the offense.  p. 208.

4. LEWDNESS.—*"Cohabitation."* — *Meaning.* — *Statute.* — "Cohabitation," as used in §2353 Burns 1914, Acts 1905 p. 584, §457, implies a dwelling together as husband and wife, including one or more acts of sexual intercourse, by parties not occupying the marriage relation, and is understood as something different from occasional, transient interviews for unlawful intercourse.  p. 208.

5. LEWDNESS.—*Cohabitation.*—*Evidence.*—*Sufficiency.*—In a prosecution under §2353 Burns 1914, Acts 1905 p. 584, §457, where the evidence failed to show that the defendant and a named woman dwelt together for any period of time as husband and wife, but

showed only occasional visits to the woman's home while she was living with her husband, a verdict of guilty was contrary to law, there being an entire failure of evidence on the essential element of cohabitation. p. 208.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Prosecution by the State of Indiana against John B. Tribbey. From a judgment of conviction, the defendant appeals. *Reversed.*

*Chauncey W. Duncan,* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk* and *Dale F. Stansbury,* for the state.

Willoughby, J.—The appellant was tried by a jury and convicted on an indictment returned by the grand jury of Rush county, charging him with living and cohabiting in a state of adultery with one Blanche Alsman, a married woman.

From a judgment on the verdict the appellant appeals and assigns as error: (1) That the trial court erred in overruling appellant's motion to quash the indictment. (2) The trial court erred in overruling appellant's motion for a new trial.

The charging part of the indictment reads as follows: "That one John B. Tribbey, then and there a man late of said county, on the 26th day of December, 1918, at said county and state aforesaid, and at divers times previous to this presentment, and Blanche Alsman, then and there a married woman, and the said parties not being married to each other, did then and there unlawfully live and cohabit together in a state of adultery."

This indictment is based on §2353 Burns 1914, Acts 1905 p. 584, §457, which provides that: "Whoever cohabits with another in a state of adultery or fornica-

tion shall be fined not exceeding five hundred dollars, or imprisoned in the county jail not exceeding six months, or both.''

1.   The defendant moved to quash the indictment for the reason that it does not state facts sufficient to constitute a public offense, and in the memorandum attached to such motion to quash he says the indictment fails to charge in the language of the statute, or equivalent language that the defendant with the said Blanche Alsman lived and *cohabited together as husband and wife.* It was not necessary for the indictment to state that they cohabited together as husband and wife. The language of the statute is, ''Whoever cohabits with another in a state of adultery,'' etc. The indictment is in the language of the statute and is sufficient. *State* v. *Chandler* (1884), 96 Ind. 591; *State* v. *Stephens* (1878), 63 Ind. 542; *Wall* v. *State* (1864), 23 Ind. 150; *Hood* v. *State* (1877), 56 Ind. 263, 26 Am. Rep. 21.

2.   One of the reasons assigned for a new trial is that the court erred in giving to the jury instruction No. 11. This instruction is not set out in appellant's brief. It appears that the instructions given in the cause are not brought into the record by bill of exceptions. The instructions not being in the record by a bill of exceptions, no question concerning the ruling of the court in giving or refusing instructions can be considered by this court on appeal. *Peacock* v. *State* (1910), 174 Ind. 185, 91 N. E. 597; *Donovan* v. *State* (1916), 185 Ind. 15, 111 N. E. 433.

The appellant claims that the verdict is not sustained by sufficient evidence and is contrary to law.

In determining this question the court cannot weigh the evidence, and must sustain the verdict unless there is a total failure of evidence as to some essential element of the offense.

One of the essential elements of the offense with which appellant is charged is cohabitation as used in §2353 Burns 1914, *supra*. It has been held that to cohabit in the sense in which the word is used in this statute is for a man and woman to live together in the manner of husband and wife, and that it implies a dwelling together for some period of time, and is understood as something different from occasional, transient interviews for unlawful sexual intercourse. To sustain an indictment under this section the evidence must establish cohabitation, including one or more acts of sexual intercourse between the parties not lawfully occupying the relation of husband and wife. *Jackson* v. *State* (1888), 116 Ind. 464, 19 N. E. 330; *Richey* v. *State* (1909), 172 Ind. 134, 87 N. E. 1032, 139 Am. St. 362, 19 Ann. Cas. 654; *Powell* v. *State* (1918), 187 Ind. 76, 118 N. E. 354.

In the instant case the evidence most favorable to the state is to the effect that Thomas Alsman is the husband of Blanche Alsman, the woman with whom appellant is alleged to have cohabited in a state of adultery, and during the time covered by this indictment the said Thomas Alsman and Blanche Alsman were living together as husband and wife with their two children, one six years old and one eight years old, in the city of Rushville; that they had known the appellant for many years; that the appellant would frequently call at the Alsman home,

sometimes once a week, usually went there in daytime when the husband was gone; sometimes did not knock when he went in; sometimes, after he would go in, the Alsman children would come out and play. One time, December 26, 1918, Blanche Alsman came out of her house about 7 o'clock in the evening and went into an alley and got into a buggy with John Tribbey and drove away. In about thirty-five or forty minutes Tribbey and the woman drove back with the horse in a run. During 1917 Tribbey came periodically to the Alsman home. He was seen to go there a good many times; sometimes he would go into the house without knocking. Mr. and Mrs. Alsman were living together all this time and are yet living together as husband and wife.

The evidence wholly fails to show that the appellant and Blanche Alsman ever cohabited in the sense in which that word is used in the statute. There is a total failure of evidence tending to show that they ever dwelt together for any period of time; in fact, the evidence shows affirmatively that they did not so dwell together. There being an entire absence of evidence as to one essential element of the offense charged, the verdict is not sustained by sufficient evidence, and is contrary to law.

Judgment reversed, and the Rush circuit court directed to sustain appellant's motion for a new trial.

Harvey, J., absent.