## SAMS *v.* STATE OF INDIANA.

[No. 24,675.   Filed December 17, 1924.]

1. ADULTERY.—*Evidence Must Show that Woman is Married.*—In a prosecution of a single man for living in adultery with a married woman, the proof and lack of proof considered and held that proof that the woman was married was insufficient. pp. 501, 502, 503.

2. ADULTERY.—*Burden of Proof that Woman is Married.*—In a prosecution for adultery of a single man where the indictment charges that the adultery was with a married woman and names her husband, the burden of proof is upon the state to prove that she was a married woman. p. 501.

VOL. 195—32

3. CRIMINAL LAW.—*Evidence.*—*Hearsay.*—It is error to permit a witness in a prosecution for adultery to testify to conversations had with the woman in the absence of defendant concerning her married state, as such statements are hearsay and not binding upon defendant. p. 501.

4. CRIMINAL LAW.—*Evidence.*—*Foreign Marriage Record.*— *Showing Necessary.*—In a prosecution of a single man for adultery with a married woman, a foreign marriage record of her marriage is to him wholly *ex parte*, and to make it admissible, it must be shown that the woman in the marriage record is identical with the woman charged to have participated in the adultery. p. 501.

5. CRIMINAL LAW.—*Evidence.*—*Foreign Marriage Record.*—A certificate of marriage in a foreign state is not admissible in evidence without preliminary proof that the record was kept in conformity with the law of such state. p. 502.

6. INDICTMENT.—*Adultery.*—*Descriptive Matter Must be Proved.* In a prosecution of a single man for adultery with a married woman, if the woman's husband is named in the indictment, it must be proved as alleged. p. 502.

7. ADULTERY.—*Evidence.*—*Proof Required.*—In a prosecution of a single man for adultery under §2353 Burns 1914, §457, ch. 169, Acts 1905 p. 690, there must be proof of at least one act of sexual intercourse with a married woman, or of facts from which such acts might reasonably be inferred, as well as a living together in the same house. p. 502.

From Steuben Circuit Court; *William P. Endicott,* Judge.

Lester Sams was convicted of adultery and he appeals. *Reversed.*

*Link & McClintock,* for appellant.

*U. S. Lesh,* Attorney-General, and *Owen S. Boling,* for the State.

EWBANK, J.—An indictment charged that on or about October 7, 1923, appellant and "Margaret Weeds, being then and there a married woman, and the wife of Chester Weeds, and said Lester Sams and Margaret Weeds not being married to each other, did then and there unlawfully live and cohabit together in a state of adultery," etc. The jury found him guilty, and the court overruled his motion for a new trial, which ruling

is assigned as error.   Undisputed evidence showed that
appellant was a bachelor more than forty years old, who
lived on a farm; that in the early summer of 1923, "a
little before strawberry time," a woman who told some
of the witnesses that her name was "Grace," and who
was known to other witnesses as "Margaret Weeds,"
and as "Mrs. Weeds," began working for him and liv-
ing in his home, and that she continued to do so until
fall, September or October; that she drove his team at
plowing, dragging and cultivating corn, and worked at
greasing the cultivator and cutting off corn, going to
the field and working with appellant; that when doing
some of the rough work she dressed in a flannel shirt,
corduroy pants and rubber boots; that she drove ap-
pellant's automobile on the country roads and to the
village, with appellant sitting with her, and sometimes
his arm was around her; that appellants' house con-
tained four rooms, the two rooms upstairs being so ar-
ranged that the stair came up into one and it opened
back into the other; that there was only one bed up-
stairs, which was in the back room; that a kitchen and
a living room were down stairs, and there was a couch
or cot in the living room; it did not appear from which
of these rooms the stairs led to the upper floor.   When
he was accused of living in adultery appellant denied it,
saying they were not living that way, and that he was
paying the woman for her time.   Nobody else lived
there with them, but there was no evidence that she re-
mained in the house at night, though he and the woman
were often seen by neighbors about the door yard and
driving along the road together in his automobile, and
when driving he sometimes put his left arm upon the
back of the seat, about her shoulders, and sometimes
seemed trying to attract attention to the fact that he
was doing so, but at other times they were seen "just
driving along."   The woman referred to did not testify,

and no witness was examined who had ever known her before she came to appellant's home, or who had any acquaintance with her at any place other than his home, except that on October 10, 1923, after appellant had been arrested on another charge and taken away from his farm, two deputy sheriffs drove to a place in the State of Michigan referred to as "the Weed home," some fifteen or twenty miles from appellant's farm, and on the road near there found her in company with a man whom they did not know; and over objections and exceptions by appellant these witnesses were permitted to testify that the woman then told them in the absence of appellant that the man she was with was her husband, Chester Weed; and they also testified that the neighbors said the couple had four children who were at school. There was no evidence that tended to prove in what county the woman or her supposed husband lived or ever had lived, nor even in what county the "Weed home" was situated, or in what county the deputy sheriffs found her with the man she said was her husband, nor was there any evidence whatever identifying the woman, known by the names of "Grace" and "Margaret Weeds," as having been named "Maggie E. Culp" before marriage, nor as having been married under that name in St. Joseph county in the State of Michigan, whether in 1906, or at any time; and there was no evidence tending to prove what was the law of Michigan on the subject of issuing licenses to marry and contracting marriages, and keeping a record of the fact when persons were married. But over objections stating these grounds the State was permitted to introduce and read in evidence a certificate of one who signed as "clerk of the County of St. Joseph and of the circuit court thereof" to a copy of the "record of marriage of Chester H. Weed and Maggie E. Culp," on January 3, 1906, which gave the residence of both par-

ties as "Colon," together with the certificate of the judge of said court to the clerk's signature and attestation, and the certificate of the clerk to the official character and signature of the judge, as provided by the act of congress for authenticating "the records and judicial proceedings of the courts of any state," etc. §1519 U. S. Comp. Stat. 1916 (Acts May 26, 1790); §470 Burns 1914, §454 R. S. 1881.

Except as above stated there was no evidence tending to establish the alleged fact that the woman with whom appellant was alleged to have lived in adultery

1. was the wife of Chester Weeds, or "Weed," or that she was a married woman at all.

The burden was upon the State to establish an actual marriage of the woman to Chester Weeds, and

2. that she was lawfully his wife, as alleged. Wharton, Criminal Evidence (10th ed.) §170, p. 405.

The trial court erred in permitting the deputy sheriffs to testify that after the time when the offense was alleged to have been committed the woman with

3. whom appellant was alleged to have committed it had a conversation with them in the State of Michigan, in the absence of appellant, in which she said that Chester Weed was her husband. Her statements made in the absence of appellant could not bind him, being mere hearsay. *Craft* v. *State* (1913), 13 Ga. App. 79, 78 S. E. 776; *Whicker* v. *State* (1900), 55 S. W. (Tex. Crim. App.) 47.

The record of the marriage of Maggie E. Culp and Chester H. Weed was not the record of a judgment to which appellant had been a party, but as to him

4. was wholly *ex parte*. And to make it admissible in evidence against him there must have been a preliminary showing that the Maggie E. Culp whose marriage it recorded was the same woman as the Margaret Weeds with whom he was charged with living

in adultery. *State* v. *Springer* (1911), 40 Utah 471, 121 Pac. 976; 2 Bishop, Marriage, Divorce & Separation p. 1473; Elliott, Evidence §2800; Underhill, Criminal Evidence §383, p. 445; 1 Cyc 964; 2 C. J. pp. 26, 27, §59.

Neither was such certificate admissible without preliminary proof that the record was kept by authority of and in conformity with the law of the place

5. from which it emanated. Wharton, Criminal Evidence (10th ed.) §173a, p. 415.

Appellant further insists that there was no evidence fairly tending to prove that appellant was guilty of the offense charged, and his contention seems to be

1, 6. well founded. As we have seen, there was no competent evidence that the woman was the wife of Chester Weeds. And while it was not necessary to allege whose wife she was (*Tribbey* v. *State* [1918], 189 Ind. 205, 126 N. E. 481), the name of her husband having been stated in the indictment, it constituted matter of description and must be proved as alleged. *Garland* v. *State* (1907), 51 Tex. Crim. App. 643, 104 S. W. 898; *Gipe* v. *State* (1905), 165 Ind. 433, 438, 439, 75 N. E. 881, 1 L. R. A. (N. S.) 419, 112 Am. St. 238. Appellant being unmarried, adultery on his part could not be proved without evidence of an act or acts of sexual intercourse with a married woman. *Hood* v. *State* (1877), 56 Ind. 263, 271, 26 Am. Rep. 21; 1 Cyc 952; 2 C. J. 11, 12.

Proof of at least one act of sexual intercourse or of facts from which an act of sexual intercourse might reasonably be inferred, as well as evidence that the

7. defendant and the wife of another lived at his home after the manner of a husband and wife, is necessary to the conviction of a defendant charged with the crime of adultery as defined by our statute. *Tribbey* v. *State, supra;* Underhill, Criminal Evidence §§380, 381. For one or more acts of sexual intercourse

while so living together constitutes the *corpus delicti* of "cohabiting in a state of adultery" under the statute. *Tribbey* v. *State, supra;* §2353 Burns 1914, §457, Acts 1905 p. 584; Wharton, Criminal Evidence (10th ed.) §325a, p. 639.

And though such proof may be made by circumstantial evidence, mere testimony that a married woman was employed by and worked for a male defendant, and lived with him as the only other occupant of the house in which they lived, under circumstances that afforded them an opportunity to indulge in unlawful intercourse if so inclined, would not be enough to sustain a verdict of conviction. Nor would the further fact that they rode together to the village store and elsewhere in a small car, and that while she drove it, he would lay his left arm upon the back of the seat behind her and put it around her shoulders when he saw the neighbors watching them make the evidence sufficient to prove that they indulged in sexual commerce. The presumption of innocence is not overcome by mere proof that the parties had an opportunity to commit a crime if they were so inclined, without evidence that a crime in fact was committed.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.