## MARTIN ET AL. *v.* STATE OF INDIANA.

[No. 13,643. Filed April 5, 1929.]

*Robert A. Buhler,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—This was a prosecution against the appellants on an affidavit as follows:

"Louis Kammer, being duly sworn, upon his oath says that on or about the —— day of March, A. D. 1927, at the County of Allen and in the State of Indiana, Florence Koll, being then and there an unmarried woman, and John Martin, being then and there a man, and the said parties not being married to each other, did unlawfully cohabit together in a state of adultery by living together as husband and wife, contrary to the form of the statutes in such case made and provided."

The appellants, a man and woman, registered as man and wife at a hotel in Fort Wayne, Indiana. Two police officers learning of the fact, went to the hotel, examined the hotel register and found that appellants were registered as husband and wife and were occupying room 16. They then went to room 16 and knocked on

the door where they were, and were admitted to the room without objection, where they found the appellants, she in the bed with scarcely any clothing on, and he in what was testified to as "B. V. D's."  It was also proved that the appellants were not husband and wife.

The appellants were arrested with the result above stated.

The motion for a new trial, which was overruled and proper exceptions taken thereto, alleges as grounds for a new trial that the decision of the court is contrary to law.

Proofs of occasional acts of adultery will not sustain a charge of cohabiting in a state of adultery.  *Wright* v. *State* (1840), 5 Blackf. (Ind.) 358, 35 Am. Dec. 126; *State* v. *Gartrell* (1860), 14 Ind. 280; *Jackson* v. *State* (1889), 116 Ind. 464, 19 N. E. 330; *Richey* v. *State* (1909), 172 Ind. 134, 136, 137, 87 N. E. 1032; *Powell* v. *State* (1918), 187 Ind. 76, 78, 118 N. E. 354; *Tribbey* v. *State* (1918), 189 Ind. 205, 209, 126 N. E. 481.

To cohabit in a state of adultery or fornication means a living together of the parties in the manner of husband and wife, and to sustain an affidavit or indictment under §2552 Burns 1926, evidence must establish a living together as husband and wife.  *State* v. *Chandler* (1884), 96 Ind. 591, 593; *Richey* v. *State, supra; Jackson* v. *State, supra; Powell* v. *State, supra; Tribbey* v. *State, supra; Sams* v. *State* (1924), 195 Ind. 497, 145 N. E. 773.

The evidence in this case falls short of the requirements necessary to make out a case against the appellants.  Under the charge made against them in the affidavit, upon which they were tried, there must be a showing that they were living together as husband and wife.  Under the authorities cited above, we hold that the appellants should have been granted a new trial.

Judgment reversed.