WARNER ET AL. *v.* STATE OF INDIANA.*

[No. 25,993.    Filed March 31, 1931.]

*Reported and annotated 74 A. L. R. 1357.

*Robert A. Buhler,* for appellants.
*James M. Ogden,* Attorney-General, and *Earl B. Stroup,* Deputy Attorney-General, for the State.

MARTIN, J.—Robert Warner and Lucile Dean were charged by a single affidavit with violating §457, ch. 169, Acts 1905, §2552 Burns 1926, which provides that "whoever cohabits with another in a state of adultery or fornication shall be fined not exceeding five hundred dollars, or imprisoned in the county jail not exceeding six months, or both." From a judgment assessing a fine and imprisonment against each of them, after trial and a finding of guilty by the court, they appealed.[1]

The evidence is that a man and woman were registered at the Calhoun Hotel in Fort Wayne as "Robert Warner and wife, Indianapolis" and were occupying room 19 therein at 2 a. m. March 6, 1927, when police officers knocked at their door. Four or five minutes later, Warner opened the door and let them in. The officers testified that Warner was dressed in his shirt, trousers, stockings and shoes and was buttoning up his trousers;

---

[1] John Martin and Florence Koll were arrested at the same time and place as the appellants herein and were convicted on the same charge in another prosecution. Appeals were taken by Warner and Dean and by Martin and Koll and were pending in this court when ch. 123, Acts 1929, became effective. Thereupon, these appeals were transferred to the Appellate Court, which reversed the judgment against Martin and Koll, *Martin* v. *State* (1929), 89 Ind. App. 107, 165 N. E. 763, and affirmed the judgment against Warner and Dean (unofficially reported, *Warner* v. *State* [1930], 173 N. E. [Ind. App.] 599). A petition for a rehearing was filed by Warner and Dean in this case in the Appellate Court within the time allowed by statute, but after the date when the jurisdiction of the Appellate Court under ch. 123, Acts 1929, ended, and that court thereupon re-transferred the cause to this court. *Warner* v. *State* (1931), 92 Ind. App. 220.

The Appellate Court in affirming the judgment in this case considered only one of the questions raised by the appellants, viz.: The admissibility of the testimony of the officers who made the arrest and decided, upon facts which it stated, that the officers entered the hotel room upon Warner's implied invitation and could testify to anything they saw or heard after such entrance. In the opinion of the court, it is said that "the alleged error in admitting the testimony of the officers is the only question presented for determination." But such statement is incorrect. In this case (as in the almost identical case of *Martin* v. *State*, *supra*), error is alleged which calls in question the sufficiency of the evidence and legality of the decision. An examination of the evidence (reviewed in the text of our opinion) led us to the same conclusion which the Appellate Court reached in *Martin* v. *State*, *supra*, and to the conclusion that a rehearing should be granted in this appeal.

that "She was dressed in a nightgown, was sitting in the bed with her coat over her, and the bed was mussed up"; that they asked Warner "if he was married and he said 'No'"; and "if she was married, and he said 'No.'"

The appellants allege (among other errors) that the court erred in overruling their motion for a new trial, wherein reasons assigned are that the decision of the court is not sustained by sufficient evidence and is contrary to law. In this contention, appellants are correct. There is nothing in the transcript of the evidence which names, identifies or refers to the appellant Dean in any manner. The only reference made to the woman found in room 19 of the Calhoun Hotel is "she" and "her," and there is not a word in evidence to show that these pronouns referred to Lucile Dean. As to each of the appellants, the evidence is insufficient to prove a cohabitation, which it is necessary to establish in order to sustain a conviction under the section of the statute here involved.

Sexual intercourse by a man (a) with a married woman, not his wife, is adultery and (b) with an unmarried woman is fornication. This distinction goes back to the Levitical law (under which the former was punished by death but the latter only by fine). *Hood* v. *State* (1877), 56 Ind. 263, 26 Am. Rep. 21. See, also: (a) *State* v. *Pearce* (1830), 2 Blackf. (Ind.) 318; (b) *State* v. *Stephens* (1878), 63 Ind. 542; *State* v. *Gooch* (1845), 7 Blackf. (Ind.) 468. Under the common law, an injured party might by civil action have redress for act of adultery and fornication but punishment of the sin was left to the upbraidings of a guilty conscience and to religious judicatories. *Richey* v. *State* (1909), 172 Ind. 134, 87 N. E. 1032, 139 Am. St. 362, 19 Ann. Cas. 654.

In. enacting the portion of the criminal code devoted to offenses against chastity and morality, our Legislature

has not departed from this policy, and it is well settled that our present statute does not prohibit "occasional, transient interviews for . . . illicit (sexual) intercourse," *Powell* v. *State* (1918), 187 Ind. 76, 118 N. E. 354; *Tribby* v. *State* (1918), 189 Ind. 205, 126 N. E. 481; or "illicit acts of adulterous intercourse . . . of an occasional character, unaccompanied by any pretense of the parties living together," *Jackson* v. *State* (1888), 116 Ind. 464, 19 N. E. 330. (Nor did our former statutes prohibit "the mere act of fornication or adultery," *Lumpkins* v. *Justice* [1849], 1 Ind. 557; "isolated acts of adultery," *Clowser* v. *Clapper* [1877], 59 Ind. 548; or "occasional illicit intercourse," *Wright* v. *State* [1840], 5 Blackf. [Ind.] 358, 35 Am. Dec. 126; *State* v. *Gartrell* [1860], 14 Ind. 280.)

The offenses prohibited by the statute here involved (although sometimes inaccurately referred to as "adultery" and "fornication") are *cohabiting with another in a state of adultery or fornication.* Adultery and fornication have hereinbefore been defined. To cohabit in such a state is for the man and woman to dwell together, in the same place, in the manner of husband and wife, for some period of time. *State* v. *Chandler* (1884), 96 Ind. 591; *Jackson* v. *State, supra; Van Dolsen* v. *State, infra; Powell* v. *State, supra; Tribby* v. *State, supra.* The design of this law is not to affix a penalty for the violation of the Seventh Commandment, but to punish those who, without lawful marriage, live together in the manner of husband and wife. *Richey* v. *State, supra.*

Under the statutes in force prior to 1881, such living together, to constitute a crime, had to be open and notorious. See Acts 1867 p. 105: "Every person who shall live in open and notorious adultery or fornication, shall be fined," etc. *State* v. *Johnson*

(1879), 69 Ind. 85.   Under the present statute, it is not necessary to constitute a crime that the living together in adultery or fornication be open and notorious, *Richey* v. *State, supra,* nor that the parties should hold themselves out to others as being husband and wife.   *Van Dolsen* v. *State* (1891), 1 Ind. App. 108, 27 N. E. 440.

In order to make complete proof of the crime, it must be shown that, while living together, there occurred between the parties acts (or at least one act) of sexual intercourse or facts from which such an act or acts may reasonably be inferred.   *Sams* v. *State* (1924), 195 Ind. 497, 145 N. E. 773; *Tribby* v. *State, supra; Jackson* v. *State, supra.*   In the absence of direct and positive evidence of such acts, proof may be made by circumstantial evidence, *Jackson* v. *State, supra,* but this must be more than mere proof that the parties had an opportunity to indulge in unlawful intercourse if so inclined.   *Sams* v. *State, supra.*

The determination of the weight of the evidence and of the reasonable inferences to be drawn therefrom is for the trial court (or jury) *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294.   The evidence here does not compel the conclusion that there was sexual intercourse between the appellants, but it is sufficient to sustain that inference.   There is no evidence that appellants cohabited together (in the sense that word is used in the statute and construed by the cases cited *supra*) and it cannot, as the State insists, be fairly inferred from the facts proved (and stated herein) "that they had traveled together from Indianapolis as man and wife and were living in Fort Wayne as man and wife and had in the past and would in the future cohabit in a state of fornication as man and wife."   The State, in its brief, in effect, confessed error when it said:   "if this court in the Powell case intended to lay down the rule that the registering as man and wife, the living together

as man and wife for one night, and the facts surrounding such actions do not constitute proof of cohabitation as required by §2552 Burns 1926, then the instant case is subject to reversal," for the rule as stated is squarely laid down in *Powell* v. *State, supra.*

Appellant's petition for rehearing is granted, the decision and opinion of the Appellate Court herein rendered on December 9, 1930, is set aside and the judgment of the trial court is reversed, with directions to grant appellant's motion for a new trial.