**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ROSS G. THOMAS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD A. PERKEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1303-CR-77 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1110-FB-18

**May 14, 2014**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

This Court earlier considered Richard Perkey's appeal of his conviction for rape, a class B felony, and we affirmed. Perkey has now filed for rehearing. Counsel observes that we addressed his claims that various statements by witnesses were wrongly admitted, but did not cover his claim of prosecutorial misconduct. Counsel is correct, and we grant rehearing to do so.

Counsel's task on appeal has been complicated by the fact that all of the enumerated pieces of testimony or moments of claimed misconduct occurred without objection.

Perkey's contentions about misconduct largely fall into three categories. The first of these relates to the prosecutor reminding the jury of various things witnesses had said during trial. Perkey has said that these statements were inadmissible as hearsay and drumbeat repetition. In dealing with this claim in our earlier opinion, we held that this evidence did not meet the test of *Modesitt v. State*, 578 N.E.2d 649 (Ind. 1991), in effect saying that we would not have reversed even if the evidence in question had been the subject of timely objection. Having reached that conclusion, we see no wrong-doing in the prosecutor's mention of that evidence during closing argument.

Second, Perkey says the prosecutor misbehaved by vouching for some of the witnesses. Indiana's long-standing rule against vouching has its origins in cases where the prosecutor told the jury that he had special knowledge about facts beyond those in the trial record. *See, e.g.*, *Strickland v. State*, 265 Ind. 664, 359 N.E.2d 244 (1977); *Jackson v. State*, 116 Ind. 464, 19 N.E. 330 (1889). Where the prosecutor does not claim special knowledge, the prosecutor is permitted to comment on the credibility of witnesses or even

on the ultimate question (as in "I don't think there is much doubt that there was in fact a robbery and who did it"). *Miller v. State*, 623 N.E.2d 403 (Ind. 1993).

The comments at issue here fall into the latter category. "Well, if she's not telling the truth then I guess she deserves an academy award for sticking to her account . . . ." Tr. p. 603. Or, "She didn't make it up." *Id.* at 634.

The third kind of misconduct claimed here is the prosecutor's reference to the victim as a child, though the victim was twenty-one years old at the time of trial, and the prosecutor's reference to the defendant's act of rape as having taken "a very real and personal thing from her." *Id.* at 593.

All in all, we conclude that these comments and others of similar rank did not make a fair trial impossible and were not fundamental error. They were not preserved for appeal.

We therefore affirm the conviction, as before.

BAKER, J., and BAILEY, J., concur.