### STEINMETZ v. STATE OF INDIANA.

[No. 24,641. Filed April 28, 1925.]

1. CRIMINAL LAW.—*Instructions must be brought into the rec-
ord by bill of exceptions.*—No question on the ruling of the
court in giving or refusing instructions can be considered on
appeal where the instructions are not brought into the record
by bill of exceptions. p. 154.

2. CRIMINAL LAW.—*If the verdict is not supported by any evidence, it is an error of law.*—If there is no evidence to support the finding, or no evidence to support any fact essential to the support of the verdict or finding, the verdict is an error of law which may be reviewed. p. 155.

3. CRIMINAL LAW.—*Only the evidence tending to support the verdict will be considered on appeal.*—In considering whether or not the evidence is sufficient to sustain the verdict only the evidence tending to support the verdict will be considered, with inferences to be drawn therefrom. p. 155.

From Miami Circuit Court; *Albert Ward,* Judge.

George Steinmetz was convicted of assault and battery, and he appeals. *Affirmed.*

*Albert H. Cole* and *Tillett & Lawrence,* for appellant.

*U. S. Lesh,* Attorney-General, and *George A. Matlack,* for the State.

WILLOUGHBY, J.—A jury in the Miami Circuit Court found the appellant guilty of assault and battery upon one Frank W. Lucas, and fixed his punishment at a fine of $500 and that he be imprisoned in the county jail for a period of thirty days. A motion for a new trial was overruled and the court rendered judgment on the verdict, from which judgment this appeal is taken.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. Under this assignment of error the appellant discusses in his brief the sufficiency of the evidence to sustain the verdict and also claims that the court erred in giving and refusing certain instructions.

An examination of the record shows that the instructions were not put into the record by a bill of exceptions therefore no question concerning the ruling of the court in the giving or refusing of instructions can be considered in this court on appeal. §§2330-2332 Burns 1926, §§2163-2165 Burns 1914, Acts 1905 p. 584; Ewbank's Manual (2d ed.)

§28c; *Donovan* v. *State* (1908), 170 Ind. 123; *Ludwig* v. *State* (1908), 170 Ind. 648; *Tribbey* v. *State* (1918), 189 Ind. 205, 126 N. E. 481; *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294; *Patton* v. *State* (1922), 192 Ind. 632, 135 N. E. 795.

The appellant claims that the verdict is not supported by sufficient evidence. If there be no evidence to support the verdict or finding, or if there be no evidence to support any fact essential to the support of the verdict or finding, then such verdict or finding is an error of law which may be reviewed and corrected in this court on appeal. *Patterson* v. *State* (1921), 191 Ind. 224.

2.

In considering whether or not the evidence is sufficient to sustain the verdict only the evidence tending to support the verdict will be considered with inferences to be drawn therefrom and the court will not consider any evidence which contradicts the evidence in support of the verdict. *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Lee* v. *State* (1921), 190 Ind. 531, 131 N. E. 3; *Schulmeyer* v. *State* (1919), 188 Ind. 463, 124 N. E. 490; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

3.

In this case it appears from the evidence that the prosecuting witness was wounded by the appellant; that the act was done in Miami county, Indiana, July 13, 1923. The extent of the injury may be shown by the statement of the physician, who attended the prosecuting witness. Among other things, in his evidence, he states, that the prosecuting witness was brought to his office in Peru July 13, 1923, and that he examined his wounds and afterwards he (the prosecuting witness) was taken to the hospital and such surgical treatment as seemed to be proper was given. In describing his wounds the physician says, "he was brought there with quite a large bandage around; I think it was a

tablecloth or towel that had been folded and bound around the abdomen, and I removed that and there was a large wound, it looked like a cut pretty deep, so I cleaned my hands with iodine and put my hand down in there and went down in the abdomen and found out his wound went into the .abdomen and when I got down there among the bowels, I said it was not an of-,fice job and I had him taken to the hospital; I opened him up there and made an incision so as to bring his bowels out and I found that the mesentary, that is the membrane that separates the bowels and the back bone had been cut through in four different places, and I brought that out and sewed it up."

We find nothing in the record to show that the appellant disputes or denies any of this, neither the extent of the wounds nor that they were inflicted by appellant, but in his argument he says that these injuries were inflicted by him on the prosecuting witness in a fight in which the appellant acted in self defense and that therefore it was error to convict him (appellant) of assault and battery.

When ascertaining the sufficiency of the evidence to support the verdict, this court must consider only that evidence which tends to sustain the verdict and such inferences as may be drawn therefrom and we must reject any evidence contradicting the evidence in support of the verdict. The appellant presented his case of self defense to the jury and the jury decided against him. As to how the fight commenced and who was the aggressor there was much conflicting evidence, but under the well-established rules of this court, we cannot weigh conflicting evidence but must accept as final the verdict of the jury on such evidence. The verdict is sustained by sufficient evidence.

Judgment affirmed.