## FRITZ *v.* STATE OF INDIANA.

[No. 24,855. Filed October 6, 1926.]

1. CRIMINAL LAW.—*Misconduct of counsel, how shown on appeal.*—Misconduct of counsel in argument is not presented for review on appeal when it is shown only in the original bill of exceptions containing the evidence. p. 230.
2. CRIMINAL LAW.—*Instructions given, how presented for review on appeal.*—Instructions given by the court can only be reviewed on appeal where they are all incorporated in a special bill of exceptions and the bill copied as a part of the clerk's transcript of the record. p. 231.
3. CRIMINAL LAW.—*Instructions refused, how presented for review on appeal.*—In order to have the refusal of instructions reviewed on appeal, all of the instructions given as well as the ones refused must be embodied in a special bill of exceptions and the bill copied into the record on appeal. p. 231.

From Howard Circuit Court; *John Marshall,* Judge.

George Fritz was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*Homer R. Miller* and *Clarence R. Davis,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

MYERS, C. J.—Appellant was charged by affidavit, tried and convicted before a jury in the Howard Circuit Court of unlawfully selling intoxicating liquor. Acts 1921 p. 736, §8356d Burns' Supp. 1921. From a judgment assessing a fine and imprisonment, he prosecuted an appeal to this court assigning as error the overruling of his motion for a new, trial. He relies on two causes only to support his motion: (1) Misconduct of the prosecuting attorney in his closing argument to the jury, wherein he asserts that the prosecuting attorney was permitted, over his objection, to read to the jury and comment upon the opinion of the Supreme Court reversing the judgment in a former appeal of this identical case; (2) error of the court in giving and in refusing to give certain instructions.

The first cause mentioned would present a very serious question if it were properly brought to our attention. Extracts from the closing argument of the prosecuting attorney to the jury appear only in the original bill of exceptions containing the evidence. The instructions given and refused by the court are not in the record by a bill of exceptions. Hence, the foregoing questions sought to be presented by this appeal are not before us for consideration.

Misconduct of counsel, in whatever form it
1. may consist, is reviewable on appeal only when brought into the record by an independent bill of

exceptions. *Barksdale* v. *State* (1919), 189 Ind. 170, 174, and cases there cited.

In a criminal case, instructions given to the jury may be questioned, either singly or collectively, when all of them are included in a special bill of exceptions 2, 3. and copied as a part of the clerk's transcript on appeal. Or, in case a party desires to challenge the action of the court in refusing to give instructions requested by him, then all of the instructions given and the ones refused, which he claims should have been given, must be embodied in a special bill of exceptions and transcribed into the record on appeal. In the instant case, no bill of exceptions containing the instructions was filed. Hence, the instructions are not properly here. *Tribbey* v. *State* (1918), 189 Ind. 205, 126 N. E. 481; *McNaught* v. *State* (1924), 194 Ind. 209, 142 N. E. 418; *Welch* v. *State* (1924), 195 Ind. 87, 143 N. E. 354.

Judgment affirmed.