### MAXWELL *v.* STATE OF INDIANA.

[No. 25,943. Filed October 31, 1934.]

*Roy L. Volstad,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

HUGHES, C. J.—The appellant was found guilty of arson in the Marion criminal court, and was sentenced to the State Prison for a period of two to fourteen years. The indictment was in two counts and he was found guilty on the first count.

The errors relied upon for reversal are as follows:

(1) The court erred in overruling appellant's motion to quash the indictment.

(2) The court erred in overruling appellant's motion for a *venire de novo*.

(3) The court erred in overruling appellant's motion in arrest of judgment.

(4) The court erred in overruling appellant's motion for a new trial.

The only assigned error, set out under points and authorities and attempted to be discussed, is the 4th assignment, the overruling of the motion for a new trial, and therefore all other assignments are waived. The motion for new trial assigns forty-six reasons, but appellant presents only seven of the forty-six under propositions, points, and authorities, and the others are therefore waived.

No error can be predicated upon the giving or refusing to give, any of .the instructions. The instructions are merely incorporated in the transcript as a part of the order-book entry. They are not in by a proper bill of exceptions. They can only be brought in by a proper bill of exceptions, and cannot be made part of the record by reasons stated for a new trial. *Smith* v. *State* (1926), 198 Ind. 614, 154 N. E. 370.

There is no proper bill of exceptions containing the evidence. On June 19, 1930, appellant's motion for a new trial was overruled and defendant was given ninety days to file a transcript. This is not equivalent to giving time to file a bill of exceptions. *Maley* v. *State* (1926), 198 Ind. 698, 152 N. E. 814. On July 2, 1930, thirteen days after the motion for a new trial was overruled the record shows that the appellant was granted sixty days to file his appeal, and the bill of exceptions was filed October 18, 1930, during another term of court.

When a bill of exceptions containing the evidence is to be filed after term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial. *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294. *Bass* v. *State* (1919), 188 Ind. 21, 120 N. E. 657. In the instant case permission to file bill of exceptions was granted thirteen days after motion for a new trial was overruled.

The bill of exceptions contains only the questions and answers of certain witnesses. It does not show affirmatively that it contains all the evidence. The brief of the appellant does not contain a condensed recital of the evidence as required by clause 5 of rule number 21 of the Supreme Court. The specification, therefore, in the motion for a new trial that the verdict is not sustained by sufficient evidence does not present any question for the determination of this court.

The appellant has attempted to present the question of an alleged error made by the prosecuting attorney in his remarks to the jury. This question is not properly presented and cannot be considered. Misconduct of counsel, in whatever form it may consist, is reviewable on appeal only when brought into the record by an independent bill of exceptions. *Fritz* v. *State* (1926), 198 Ind. 229, 153 N. E. 408. This question is not presented by an independent bill of exceptions.

The 46th reason set out in appellant's motion for a new trial is specification 5 in his brief and states that the verdict is contrary to law. He does not set out wherein the verdict is contrary to law; nor does he cite any points in support of his assignment. Neither does the brief contain a condensed recital of the evidence. The question attempted to be

presented herein is not properly before us. *Poehler* v. *State* (1924), 194 Ind. 207, 142 N. E. 410.

It is the duty of an appellant to show affirmatively that his lawful rights have been denied and it is necessary for him on appeal to present such a record which affirmatively shows that the judgment against him is erroneous, and, if the record as presented fails to show this it will be presumed that it does not exist. Ewbank's Practice, 2nd Edition, p. 411 and cases cited. The record in the instant case does not show that the judgment against appellant is erroneous and it must therefore be affirmed.

Judgment affirmed.