WHARFF *v.* STATE OF INDIANA

[No. 27,255. Filed October 11, 1939.]

*Arthur McGaughey,* for appellant.

*Omer S. Jackson,* Attorney General, and *Hubert E. Dirks,* Deputy Attorney General, for the State.

TREMAIN, J.—The appellant was prosecuted by affidavit for assault and battery. A trial by a jury resulted in a verdict of guilt upon which judgment was rendered. His motion for a new trial is predicated upon the error of the court in instructing the jury upon its own motion. Other assignments are waived by failure to discuss.

At the outset the appellant is met by an objection from the Attorney General in which he points out that the instructions are not legally in the record, or before the court in the manner provided by Sec. 9-2105 Burns' Ind. St. 1933, § 2317 Baldwin's 1934. This section, after providing that the bill of exceptions shall contain the evidence necessary to present the questions of law, and the incorporation of the same in the transcript, provides as follows:

"Provided, however, That if the original written instructions as given and/or refused by the court, shall be incorporated into any bill of exceptions, the court shall certify in his certificate to such bill of exceptions that such original written instructions are incorporated therein, and the bill containing such original written instructions shall be copied into the transcript by the clerk; Provided, That every pleading, motion in writing, report, deposition or other paper filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file; and any order or action of the court in respect to any such pleading, motion in writing, report, deposition or other paper, and every exception thereto taken by any party shall be entered by the clerk on the minutes or record of the court, and the same when so entered shall be a part of the record without any bill of exceptions."

The bill of exceptions does not contain the instructions given by the court. The appellant relies solely upon his right to bring the instructions before the court by having them copied in the transcript. This court has held in numerous decisions that the instructions are not a part of the record unless brought in by a special bill of exceptions, signed by the judge and filed with the clerk of the court; that this is the only method for bringing the instructions before this court in criminal appeals; and that the instructions copied into the transcript as a record entry cannot be considered.

It is stated in *Smith* v. *State* (1926), 198 Ind. 614, 618, 154 N. E. 370, that:

"The only way instructions can be made a part of the record in a criminal case is by a bill of exceptions properly presented to and signed by the judge and filed."

Also, see *Lee* v. *State* (1938), 213 Ind. 352, 354, 12 N. E. (2d) 949; *Rhodes* v. *State* (1930), 202 Ind. 159, 162,

171 N. E. 301, 172 N. E. 176; *Fritz* v. *State* (1926), 198 Ind. 229, 231, 153 N. E. 408; *Steinmetz* v. *State* (1925), 196 Ind. 153, 147 N. E. 618; *Ludwig* v. *State* (1908), 170 Ind. 648, 85 N. E. 345.

The appellant excuses his failure to bring the instructions before the court by a special bill of exceptions by relying on the following provision contained in said Sec. 9-2105 (§ 2317 Baldwin's) :

"Every pleading, motion in writing, report, deposition or other paper, filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file' * * * shall be a part of the record without any bill of exceptions."

He affirms that the words "other paper" are sufficient to include the instructions, and, therefore, it is not necessary to bring the instructions to this court by bill of exception. It will be noted that instructions are not included among the other papers named in the statute. This particular matter was before this court in *Rhodes* v. *State, supra,* wherein the same contention was made. That decision holds, page 164:

"It will be noticed that instructions to the jury are not in the list of items mentioned in the statute as 'filed or offered to be filed' unless, as appellant contends, they are covered by the words 'other paper.' Inasmuch as our criminal procedure requires that special instructions be tendered to the court, and makes no provision for their filing or offer to file, or that the instructions given by the court on its own motion be filed, the only method by which they may be made a part of the court's record below is by what is usually termed a special bill of exceptions, presented, within the time allowed by law or the order of the court, for signature and approval of the judge, and thereafter filed with the clerk. In the instant case this procedure was not observed. Hence, the instructions

given or those refused never became officially a part of the record of the trial court. The record on appeal should show not only the record entry of the filing of the special bill by the clerk below, but the bill itself must be transcribed and incorporated into the record brought up."

Many authorities are cited to sustain the proposition.

Appellant finally takes the position that only one of the cases, *Lee* v. *State, supra,* herein referred to was decided after the passage of the 1933 act, Sec. 9-2105 (§ 2317 Baldwin's 1934), *supra.* It adheres to the rule announced in many previous decisions. Appellant has not pointed to any statute, authorizing an appeal in a criminal case, wherein it is provided that the instructions may be made a part of the record without a bill of exceptions. It therefore clearly appears that he has not brought the instructions before this court and has presented no question for consideration.

No question having been presented by the appellant for consideration by this court, the judgment of the lower court is affirmed.