Filed May 24, 1887.

---

No. 13,270.

## THE STATE v. BRUNER.

CRIMINAL LAW.—*Cruelty to Animals.*—*Domestic Fowl.*—*Statute Construed.*—A domestic fowl is an animal within the meaning of the statute on the subject of cruelty to animals.

SAME.—*Affidavit.*—*Ownership of Animal.*—*Immaterial Averment.*—*Description.*—*Proof.*—In an affidavit charging cruelty to an animal, an allegation as to the ownership of the animal is unnecessary; but where the ownership is charged, it becomes a matter of description and must be proved as alleged.

The State *v.* Bruner.

SAME.—*Necessary Averments.*—*Method of Torture and Effect Produced.*—In such an affidavit, the method of torture or mutilation, as well as the effect produced, ought to be stated.

SAME.—An affidavit which avers substantially that the defendant "did then and there unlawfully and cruelly torture, torment and needlessly mutilate a certain animal, to wit, a goose, the property of some person or persons to the affiant unknown, by then and there unlawfully turpentining and burning in a cruel and wanton manner the said goose," sufficiently charges cruelty to an animal within the meaning of the statute.

From the Pike Circuit Court.

*F. T. Hord*, Attorney General, *J. L. Bretz*, Prosecuting Attorney, and *E. Smith*, for the State.

*E. P. Richardson* and *A. H. Taylor*, for appellee.

NIBLACK, J.—This was a criminal prosecution against Edward Bruner, the appellee, and one Ralph Smith, based upon an affidavit filed before a justice of the peace of Pike county. Bruner was arrested, and upon a trial the justice found him guilty as charged and adjudged a fine against him. Upon an appeal to the circuit court, the affidavit was quashed and Bruner was discharged. The substantial part of the affidavit is as follows:

"Before me, John M. White, a justice of the peace for said county" (meaning Pike county), "came William Long, who, being duly sworn according to law, deposeth and sayeth that on or about the 21st day of November, in the year 1885, at the county of Pike and State of Indiana, Ralph Smith and Edward Bruner, late of said county, did then and there unlawfully and cruelly torture, torment and needlessly mutilate a certain animal, to wit, a goose, the property of some person or persons to the affiant unknown, by then and there unlawfully turpentining and burning, in a cruel and wanton manner, the said goose."

There is a well defined difference between the offence of malicious or mischievous injury to property and that of cruelty to animals. The former constituted an indictable offence at common law, while the latter did not. The former

has ever been recognized as an indictable offence, as a measure of protection to the owner of property liable to be maliciously or mischievously injured. The latter has in more recent years been made punishable as a scheme for the protection of animals without regard to their ownership. A man may be guilty of cruelty to his own animal, or to an animal without any known owner, or which has, in fact, no owner. When, however, the ownership of the animal is charged, such ownership becomes a matter of description and must be proved as alleged.

The offence plainly intended to be charged in this case is cruelty to an animal, a domestic fowl being an animal within the meaning of the statute.

So much of section 2101, R. S. 1881, which defines the various offences denominated " Cruelty to animals," as is pertinent to this case, is as follows:

" Whoever overdrives, overloads, tortures, torments, deprives of necessary sustenance, or unnecessarily or cruelly beats, or needlessly mutilates or kills any animal, * * * * shall be fined not more than two hundred dollars nor less than five dollars."

The allegation of the affidavit under consideration, that the goose is " the property of some person or persons to the affiant unknown," is the equivalent of an averment that the goose was a domestic fowl. In charging the offence of torturing or mutilating an animal, the method of torture or mutilation, as well as the effect produced, ought to be stated.

The charge that the torture, torment and mutilation were inflicted in this case, by then and there turpentining and burning the goose in a cruel and wanton manner, is not, perhaps, as full and apt a description of the offence intended to be charged as might have been given, but the fair inference from it is that the appellee and Smith put turpentine on the goose and thereby caused it to be burned in a cruel and wanton manner. As thus construed, we see no objection to the sub-

stantial sufficiency of the affidavit. The motion to quash the affidavit ought, therefore, to have been overruled.

As to the principles and precedents governing prosecutions for cruelty to animals, see Bishop Statutory Crimes, from section 1100 to section 1122, both inclusive, and authorities cited; also, Wharton Criminal Law, section 1082d.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.

Filed May 23, 1887.