HOLCOMB v. VAN ZYLEN.

1. ANIMALS—WORDS AND PHRASES—BIRDS—STATUTES.
    Under 3 Comp. Laws, § 5593 (2 How. Stat. [2d Ed.] § 4362), for
    double damages in case of injuries done by a dog to "sheep,
    lambs, swine, cattle or other domestic animal," a declaration
    setting up injuries done by defendant's dog to plaintiff's tur-
    keys, was not demurrable.

2. SAME—DEFINITION.
    An animal is any animate being, which is not human, endowed
    with the power of voluntary motion.

Certiorari to Ottawa; Cross, J.   Submitted January
13, 1913.   (Docket No. 68.)   Decided March 20, 1913.

Case by William L. Holcomb against Henry Van Zylen
for damages to property.   An order overruling a demurrer
is reviewed by defendant on certiorari.   Affirmed.

*Walter I. Lillie*, for appellant.

*Louis H. Osterhous*, for appellee.

BIRD, J.   The defendant's dog "raised havoc" with
plantiff's turkeys, and the damage which resulted is
sought to be recovered in this action.   The declaration is
based on the statute.   2 Comp. Laws, § 5593 (2 How.
Stat. [2d Ed.] § 4362).   The demurrer which was inter-
posed by the defendant raises the sole question whether a
turkey is an animal within the meaning of this statute.

The statute upon which the action is planted provides in
part that:

"If any dog shall have killed or assisted in killing,
wounding or worrying any sheep, lamb, swine, cattle or
other domestic animal," etc.

As turkeys are not specifically named, it is clear that,
if they are embraced within the statute, the authority
for so doing must be found in the words "or other do-
mestic animal."   An animal is defined by Bouvier as "any

animate being which is not human, endowed with the power of voluntary motion." This comprehensive definition seems to have been accepted in legal matters as the proper one. 2 Cyc. p. 304; 2 Am. & Eng. Enc. Law (2d Ed.), p. 348.

The courts have dealt with the question from many different angles, and in nearly every instance they have adopted this definition, and have construed the term "animal" so as to include fowls. In *Huber* v. *Mohn*, 37 N. J. Eq. 432, the question arose in the construction of a will, where the testator had given "his horses and all other animals on the premises," and it was held that the words "all other animals" carried with them the fowls on the premises. A statute which prohibited domestic animals from running at large in the highway was construed so as to include turkeys. *McPherson* v. *James*, 69 Ill. App. 337. In construing a statute prohibiting cruelty to animals, a goose was held to be an animal. *State* v. *Bruner*, 111 Ind. 98 (12 N. E. 103). A like result was reached in the criminal cases of *People* v. *Klock*, 48 Hun (N. Y.), 275 and *Reg.* v. *Brown*, 24 Q. B. Div. 357.

The question is a new one in this court, and when it was first suggested by one of the briefs in the case that there were animals which grew feathers, it was a severe strain on the writer's credulity to accept it without reserve; but an examination of the question has brought with it the conviction that turkeys are animals under the generally accepted definition of that term as used in the law.

The question, therefore, is whether the legislature, in passing the act, had in mind this comprehensive definition of the word "animal," or whether it had in mind the popular and well-understood subdivisions of that term, namely, fowls, birds, reptiles, insects, etc. Either view could be accepted without doing violence to the language of the act. But the fact that the statutes involving this question have been generally construed by other courts in ac-

cordance with the general definition induces us to follow them, and hold that the words "or other domestic animal" should be construed as including domestic turkeys.

As the same conclusion was reached by the trial court, its order overruling the demurrer will be affirmed, and the writ of certiorari dismissed, with costs to the plaintiff.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.