## YOUNG *v.* STATE OF INDIANA.

[No. 24,278. Filed October 31, 1923. Rehearing denied February 6, 1924.]

1. CRIMINAL LAW.—*Appeal.*—*Oral Argument.*—Where the appellant, in a criminal case, briefed his case thoroughly, clearly stating the questions and his position in relation thereto, and nothing could be gained by oral argument, his petition therefor was properly denied. p. 223.

2. CRIMINAL LAW.— *Statute Defining Offense.*— *Construction.*— Statutes defining criminal offenses are, as a general rule, to be

Young v. State—194 Ind. 221.

strictly construed to avoid the creation of crimes by construction, but this rule does not prohibit the reasonable interpretation of the language of a statute defining a crime, for the purpose of determining its design or object, and, if it thereby appears that the evil to be remedied is characterized by words sufficiently comprehensive to cover the legislative intention, without resorting to implication, they will be regarded as adequately defining the offense intended. p. 224.

3. SODOMY.—"Masturbation".— Statute.— The word "masturbation", as used in the statute defining the crime of sodomy (§2374 Burns 1914), has a wider meaning than self-pollution or self-defilement, and includes any unnatural sexual gratification which disgraces human nature. p. 225.

4. SODOMY.— Definition.— Includes "Cunnilingus".—The statute defining the crime of sodomy (§2374 Burns 1914) is broad enough to include the abominable and detestable act known as "cunnilingus",—the words of the statute not being limited to their common-law meaning but are to be considered in the light of the statutory definition of the offense named. p. 225.

5. CRIMINAL LAW.—Conspiracy to Commit a Felony.—Statute.— Under §2647 Burns 1914, making a conspiracy to commit a felony a criminal offense, a person who aided or abetted the commission of a felony was properly prosecuted under the conspiracy statute, although the act constituting the felony was fully consummated, the doctrine that where concert of action is necessary to an offense, a charge of criminal conspiracy will not lie, not being applicable where the agreement or combination of persons for the purpose of committing a felony is, of itself, a criminal offense. p. 226.

6. CRIMINAL LAW.—Conspiracy to Commit a Felony.—Accessory Before the Fact.—State may Elect.—Statute.—Where accused was indicted for conspiracy to commit a felony, the fact that the crime having been fully consummated, he might have been indicted as a principal in the commission of the felony because of being an accessory before the fact, under §2095 Burns 1914, is immaterial, the State having the right to decide as to the offense for which he will be tried. p. 226.

From Vanderburgh Circuit Court; *Phillip C. Gould,* Judge.

Prosecution by the State of Indiana against Benny Young for conspiracy to commit a felony. From a judgment of conviction, the defendant appeals. *Affirmed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh, Attorney-General,* and *Dale F. Stansbury,* for the State.

MYERS, J.—Appellant was indicted, tried and convicted in the court below of an alleged felonious conspiracy to commit a felony. This indictment was predicated on §§2647 and 2374 Burns 1914, Acts 1905 p. 584, §§641, 473. His motion for a new trial was overruled and judgment of imprisonment in the Indiana Reformatory. From this judgment, appellant appealed to this court. The overruling of his motion for a new trial is the only error assigned. In support of his motion, he relies entirely on insufficient evidence to support the decision of the court, and that such decision was contrary to law.

Appellant has asked for an oral argument. He has briefed his case thoroughly. He has clearly stated the questions and his position in relation thereto.

1. Nothing will be gained by an oral argument, and his petition, therefore, is denied.

The indictment charges the felony in the words of the statute. Section 2374.Burns 1914, *supra,* provides that "Whoever commits the abominable and detestable crime against nature with mankind or beast; or whoever entices, allures, instigates or aids any person under the age of twenty-one years to commit masturbation or self-pollution, shall be deemed guilty of sodomy," that is to say, "Whoever commits * * *; or whoever entices, etc.," is guilty of the same offense, sodomy, and in either case, on conviction, subject to the same penalty.

The unquestioned indictment in the instant case was in one count, charging a conspiracy to commit a felony, as defined in the second clause of what is known as the sodomy statute. The evidence also makes a case which

must rest upon proof of a felony defined by that clause. Appellant does not and cannot seriously question the sufficiency of the evidence to prove the contemplated and consummated act. He does, however, vigorously insist: (1) that the proven act was not an offense within the meaning of the words "masturbation or self-pollution", and therefore not embraced within the definition of the alleged felony; (2) if the evidence disclosed an offense within the language of the statute, the actors were guilty of sodomy, and those who encouraged, aided and counseled the commission of the offense were guilty as principals and not as conspirators.

Appellant, in support of his first contention, cites and relies largely upon the case of *Sherrick* v. *State* (1906), 167 Ind. 345, wherein it is said, p. 534, "we are not permitted to extend a statute to those [offenses] within the mischief, but not within the purview. In other language, an offense not within the words cannot be adjudged a crime because within the reason". We quite agree with appellant that statutes defining criminal offenses are, as a general rule, to be strictly construed to avoid the creation of penalties by construction. *Groff* v. *State* (1908), 171 Ind. 547, 17 Ann. Cas. 133; *State* v. *Terre Haute Brewing Co.* (1917), 186 Ind. 248. However, this principle, well settled as it is, does not prohibit a reasonable interpretation of legislative language for the purpose of determining its design or object. If it thereby appears that the evil to be remedied is characterized by words sufficiently comprehensive to cover the legislative intention, without resorting to implication, they will be regarded as adequately defining the offense intended. *State* v. *Goodwin* (1907), 169 Ind. 265; *State* v. *Shanks* (1912), 178 Ind. 330; *State* v. *Fairbanks* (1917), 187 Ind. 648.

The obvious purpose of the last clause of the statute was to strengthen the law prohibiting unnatural sexual

Young *v.* State—194 Ind. 221.

practices, which were not made criminal at common law. To that end, the words "masturbation or self-pollution" were chosen by the legislature to define the evil intended to be corrected. Appellant would define these words within the common-law definition of sodomy, and there is where he falls into error. True, they should not be extended to include acts not within their fair and reasonable meaning, nor should they be limited to exclude acts which they fairly cover. However, appellant insists that the words "masturbation or self-pollution" are self defining, meaning self-pollution or self-abuse and nothing more and that the act shown to have been committed was such that one could not have alone practiced under any conceivable condition.

Courts, in passing on legislative enactments, from whatever position attacked, will assume that the lawmakers used words and language advisedly and expressive of their intention. Looking to the general accepted definition of the words here in question, we learn that the word "masturbation" is defined as self-defilement, onanism. "Defilement" is defined as uncleanness; impurity; corruption of morals or conduct. "Onanism"—gratification of the sexual appetite in an unnatural way. The word "pollution" is defined as the act of polluting; the state of being polluted; and the word "pollute", to corrupt or defile in a moral sense. Century Dictionary, 1913 ed.

We thus have the words of the statute and their meaning. The only thing left for the court to do is to sensibly apply them as their purposed use in the statute would indicate. This done, they not only cover the thought asserted by appellant, but they have a wider meaning, the corruption of morals, the disgrace of human nature by an unnatural sexual gratification, of which reason and decency forbids a more

detailed description. They seem to be sufficiently broad and extensive to include the abominable and detestable act, cunnilingus, proved in this case. The enticing, alluring, instigating or aiding persons to engage in the corrupt and immoral act here charged does not depend upon the common law definition of sodomy, but upon the statutory definition (§2374 Burns 1914, *supra*), "the abominable and detestable crime against nature with mankind or beast." In this particular instance, the words in question found in the statute defining the offense denominated sodomy must be considered in the light of the statutory definition of the offense as named, and therefore not a common-law crime. *Glover* v. *State* (1913), 179 Ind. 459, 45 L. R. A. (N. S.) 473; *Honselman* v. *People* (1897), 168 Ill. 172, 48 N. E. 304; *Kelly* v. *People* (1901), 192 Ill. 119, 61 N. E. 425, 85 Am. St. 323; *State* v. *Nelson* (1917), 36 N. D. 564, 163 N. W. 278; *Adams* v. *State* (1905), 48 Tex. Cr. Rep. 90, 86 S. W. 334, 122 Am. St. 733.

Appellant, in support of his second contention, insists that the evidence shows that the act was consummated, and hence he was not guilty of conspiracy; that both actors were human beings who acted voluntarily, and if they were guilty of a felony, those who aided or abetted or encouraged the offense were principals. §2095 Burns 1914, Acts 1905 p. 584, §224. Appellant seeks to have us apply the doctrine that, where concert of action is necessary to an offense, a charge of criminal conspiracy will not lie. However, that principle does not apply where the unlawful agreement or combination of persons for the purpose of committing a felony is, of itself, an offense, which is the case under our statute, §2647 Burns 1914, *supra*. Moreover, if it be conceded that appellant might have been indicted and tried as a principal, rather than as a conspirator, still we know of no statute or rule of

law in this state giving an offender of the law the right under any circumstances to select the offense for which he will be tried.    That is a matter for the state.

Judgment affirmed.