CONNELL *v.* STATE OF INDIANA.

[No. 27,111. Filed February 20, 1939. Rehearing denied March 13, 1939.]

*Bess Robbins,* for appellant.

*Omer S. Jackson,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

TREMAIN, C. J.—The defendant was indicted, tried, and convicted of the crime of sodomy as defined by section 10-4221 Burns' Ind. St. 1933, section 2603 Baldwin's Ind. St. 1934. The indictment is in the language of the statute and charges the crime as therein defined.

Sodomy is a crime the meaning of which is well known, and, as many courts have stated, its nature is too disgusting to be further defined.

This court has held many times that an indictment charging a crime in the language of the statute is sufficient. Further, it is held in *Glover* v. *State* ▉■ (1913), 179 Ind. 459, 101 N. E. 629, 45 L. R. A. (N. S.) 473, that particularity is not required in a charge of this nature (page 461) :

> "But by reason of the vile and degrading nature of this crime it has always been an exception to the strict rules requiring great particularity and nice certainty in criminal pleading, both at common law and where crimes are wholly statutory. It has never been the usual practice to describe the particular manner or the details of the commission of the act and where the offense is statutory a statement of it in the language of the statute, or so plainly that its nature may be easily understood, is all that is required."

It clearly appears that the appellant could not have been misled as to the nature of the offense charged. The indictment is sufficient as against a motion to quash.

Appellant asserts that the verdict of the jury is contrary to law and is not sustained by sufficient evidence. It is the position of appellant that the crime charged is intended to be brought within the first sentence of the statute defining sodomy: "Whoever commits the abominable and detestable crime against nature with mankind or beast . . ." The principal position taken by appellant is that the testimony of the prosecuting witness did not bring the case within the quoted clause of the statute, for the reason that she was a female 23 years of age, and the crime could not be committed in the manner testified to by her, and, therefore, the evidence fails to establish a crime, or the guilt of the appellant. In this contention the appellant is without support. Much of the testimony and language used in appellant's brief is

too vile and obscene to be recorded in the reports of this court. It is proper to say that the degrading detailed description fully sustains the verdict and judgment. *Glover* v. *State, supra; Talbot* v. *Meyer* (1915), 183 Ind. 585, 588, 109 N. E. 841.

The appellant asserts that the court erred in refusing to give his tendered instruction No. 2. The instruction was properly denied for the reason that its construction of the sodomy statute is too narrow, in that it asserts that that statute could be violated only by the commission of the abominable and detestable crime therein described between human beings of the same sex. This is not the law. A woman is included under the term "mankind." 38 C. J. 958, Notes 2 and 3; 58 C. J. 787, 788; *Lewis* v. *State* (1896), 36 Tex. Cr. 37, 35 S. W. 372, 61 Am. St. Rep. 831; *State* v. *Guerin* (1915), 51 Mont. 250, 152 Pac. 747; *State* v. *Murry* (1914), 136 La. 253, 259, 66 So. 963.

The acts established by the proof in this case fully justify the verdict of the jury and the broad definition of sodomy as defined by many authorities, which includes an act known to the law as "cunnilingus." 58 C. J. 788, Note, 7; *Young* v. *State* (1924), 194 Ind. 221, 141 N. E. 309.

The foregoing statement and the authorities cited disapprove appellant's tendered instruction No. 10, upon the same grounds that instruction No. 2 was disapproved.

The appellant filed a motion to suppress certain evidence obtained in a search of the defendant's room at the time he was arrested upon the charge herein, and evidence as to conversations with the defendant while he was under arrest. Concerning the evidence asked to be suppressed, it should be sufficient to say that the articles desired to be suppressed as evidence were not named or identified as exhibits. This

motion was made prior to the beginning of the trial upon evidence heard by the court in the absence of the jury. It is disclosed that the officers were armed with a warrant for the arrest of the appellant. The search of his room in the Claypool Hotel followed the arrest, and was only an incident thereto. It is unnecessary, under those circumstances, that the officers be armed with a search warrant. As far as the record discloses the officers had reasonable and probable cause for believing that a felony had been committed by the person arrested. The appellant's constitutional rights were not invaded by the search of his room. If evidence was discovered bearing upon the charge against the appellant, it would be proper evidence. *Pettit* v. *State* (1935), 207 Ind. 478, 188 N. E. 784; *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *Hart* v. *State* (1924), 195 Ind. 384, 145 N. E. 492; *Williams* v. *State* (1929), 201 Ind. 175, 166 N. E. 663; *Wishmire* v. *State* (1925), 196 Ind. 104, 147 N. E. 278; *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163.

There was no error in overruling the appellant's motion for a directed verdict at the conclusion of the state's evidence. To have sustained such motion would have been error under the facts in this case.

The foregoing comment with reference to the introduction in evidence of exhibits applies equally to state's Exhibits 9, 10, and 11. These exhibits were used by the witness Rae in making certain scientific tests concerning which he testified. This was proper. *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930.

State's Exhibit No. 12 was a letter written by the appellant to a Miss Bolin who was present and occupied the room with the appellant in the Claypool Hotel at the time the offense is alleged to have been committed. The appellant makes reference to the prosecuting witness in that letter. It also serves to

identify him. Miss Bolin identified certain other writings as those of the appellant. It was proper to introduce the exhibit upon the ground stated. *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443; *Davidson* v. *State* (1933), 205 Ind. 564, 187 N. E. 376; *Jacoby* v. *State* (1937), 212 Ind. 465, 8 N. E. (2d) 978.

The state's Exhibits Nos. 13, 14, 15, and 16 were properly introduced in evidence as being in explanation of Exhibit No. 9.

The appellant's objections as a whole are built around and based upon a narrow definition of sodomy as given by some courts, but the better reasoning will be found in the authorities which give to that word a broader construction. If the appellant were right in his contention that sodomy can be committed only between persons of the same sex, then he would be entitled to a release. Holding, as this court does, that the term includes a number of relations described in 58 C. J., *supra,* and other authorities, the appellant is without any foundation for a demand for a reversal of this cause.

Other questions arising in the course of the trial are discussed by appellant. It is charged that the prosecuting attorney was guilty of misconduct in repeating certain questions, but no showing is made that the defendant objected at the time and requested the submission of the cause to be set aside, nor has he brought the facts sufficiently before the court to present any question. Questions concerning the admissibility of certain evidence are discussed. An examination discloses that objections made are without merit.

A careful study of the record and the appellant's brief convinces the court that no reversible error is shown in this appeal. Therefore, the judgment of the lower court is affirmed.

Roll, J., absent.