### SANDERS v. STATE OF INDIANA

[No. 27,276. Filed March 25, 1940.]

W. D. Hardy, and John L. Sanders, both of Evans-ville, for appellant.

Omer S. Jackson, Attorney General, and Walter Lewis, Deputy Attorney General, for the State.

TREMAIN, J.—The appellant was charged by affidavit of the crime of sodomy as defined by § 10-4221, Burns' 1933, § 2603, Baldwin's 1934, to which he pleaded not guilty. A trial by a jury resulted in a verdict of guilty, upon which the court rendered judgment. A motion for a new trial was overruled.

On appeal the appellant relies upon the specifications that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the court erred in giving instruction No. 3 on its own motion and in refusing instruction No. 7 tendered by appellant, and in refusing to permit the appellant to call additional witnesses to establish defendant's general reputation for morality and chastity.

The principal contention of appellant is that the evidence does not establish the crime of sodomy as defined at common law. The statute in this state defines the crime as "the abominable and detestable crime against nature with mankind

or beast." This court has held in common with the courts of other jurisdictions under similar statutes, that the statutory definition includes both common-law sodomy and acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified contrary to nature. *Glover* v. *State* (1913), 179 Ind. 459, 101 N. E. 629; *Connell* v. *State* (1939), 215 Ind. 318, 19 N. E. (2d) 267; *Young* v. *State* (1924), 194 Ind. 221, 141 N. E. 309.

Objection is made to instruction No. 3, given by the court, wherein it is stated that the "mere fact that an affidavit has been filed against the defendant charging him with an alleged crime, does not raise any presumption that the defendant is guilty of any crime and you must not take the filing of the affidavit as raising any presumption of guilt until you, and each of you, are satisfied beyond a reasonable doubt, by the evidence here introduced, before you, without reference to the nature of the affidavit, that the defendant is guilty of the crime covered by this affidavit, there can be no conviction." The objection is that the "nature of the affidavit" has no bearing upon the guilt or innocence of the defendant and the "jury has no right to consider the filing of the affidavit in determining the guilt or innocence at any time." The instruction is not accurately worded or punctuated, but as written it fairly stated the law and was not calculated to mislead the jury. Appellant did not tender an instruction upon that subject, or request a more specific charge.

The court refused to give instruction No. 7 tendered by appellant pertaining to his good reputation—it did not say for what. The instruction was covered fully by instructions Nos. 13 and 17 given by the court upon its own motion, which correctly

stated the law as to general reputation for morality and chastity, the subjects upon which appellant offered testimony. The court limited the number of appellant's character witnesses after the prosecutor announced that no character witnesses would be called by the state. None were called. There was no abuse of discretion in limiting the number of witnesses under such circumstances.

This was a prosecution of the "abominable and detestable crime against nature." The statute gives no other definition of the crime, obviously out of regard to the better sentiments of decent humanity, and to leave the record undefiled by details. The court has read the evidence in the record, and for the same reasons which influenced the framers of the statute, refuses to defile the reports by a recital of the sordid, immoral, depraved, and detestable statements therein contained. It is sufficient to say that the testimony supports the verdict. The record presents no reversible errors.

Judgment is affirmed.

NOTE.—Reported in 25 N. E. (2d) 995.