MURRAY *v.* STATE OF INDIANA.

[No. 29,475. Filed June 17, 1957.]

*James C. Cooper* (former Public Defender), and *Robert S. Baker,* Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

PER CURIAM.—On August 13, 1953, appellant, without benefit of counsel, entered a plea of guilty to a charge by affidavit that he committed the "abominable and detestable crime against nature with a beast," and was sentenced under Acts 1905, ch. 169, §473, p. 584, being §10-4221, Burns' 1956 Replacement, to the Indiana State Prison for a term of not less than two [2] nor more than fifteen [15] years.[1]

On January 20, 1956, appellant filed a petition for writ of error *coram nobis* which, as amended, alleged, in pertinent parts, the following:

"Petitioner further alleges that at the time he entered the plea of guilt he was not represented by counsel. The petitioner was an uneducated layman, not familiar with legal terms, definitions or procedure.

"Petitioner further alleges that said affidavit to which this petitioner entered a plea of guilty affirmatively shows on its face that the petitioner committed 'the abominable and *destable* crime against nature with a beast.' . . .

. . . .

"Petitioner further alleges that the overt act of which the defendant was guilty was with a fowl, to-wit: chicken, and not a beast. That such an act with a fowl, to-wit: chicken, is not a criminal violation within the Statutory Definition of the crime of Sodomy as defined by Section 10-4221, Burns' Indiana *State* Annotated, 1933, 1942 Replacement, upon which said affidavit was based.

"Petitioner further alleges that the above said facts were not called to the attention of the *trail* court at the time the petitioned entered the plea of guilt and that had said facts been called to the attention of the trial court at the time this petitioner entered his plea of guilt the trial court would have found this petitioner not guilty of the offense in said affidavit."

1. Acts 1905, ch. 169, §473, p. 584, being §10-4221, Burns' 1956 Replacement, provides that the penalty should be two to fourteen years. However, this question was not raised either in the trial court or in this court.

To this amended petition the State filed a demurrer on the ground that the writ of error *coram nobis* did not state "facts sufficient to constitute legal grounds for vacating judgment." The demurrer was sustained and from a judgment on appellant's refusal to plead further, this appeal is prosecuted.[2]

The sole error assigned is that the judgment of the trial court in denying appellant's amended petition for the writ is contrary to law.

Appellant asserts that the commission of the act with which he was charged was not a crime within the meaning of §10-4221, *supra,* because a chicken is not a "beast" within the meaning of such statute.

We concur with appellant that:

> "It is a fundamental rule in the construction of statutes that penal statutes must be construed strictly, or, as is otherwise stated, strictly construed against the state. The rule of strict construction means that such statutes will not be enlarged by implication or intendment beyond the fair meaning of the language used, and will not be held to include offenses and persons other than those which are clearly described and provided for although the court may think the legislature should have made them more comprehensive." *Kelley* v. *State* (1954), 233 Ind. 294, 298, 119 N. E. 2d 322.

However, this court has recognized that the Legislature intended to include within the sodomy statute all acts which are included in the definition of "crime against nature."

In *Glover* v. *State* (1913), 179 Ind. 459, at pp. 463 and 465, 101 N. E. 629, 45 L. R. A. (N. S.) 473, it is said:

> "There can be no doubt of the soundness of the general rule that penal statutes are to reach no further in meaning than the fair and plain import

2. No question has been raised by the State as to whether or not the writ of error *coram nobis* would lie under the circumstances as shown by this record.

of their words and that acts within the mischief and reason but not within the letter are to be excluded. But the crime of sodomy has always been deemed a very pariah of crimes and the acts constituting it but seldom specifically defined."

"In view of this fact we think we are left free to conclude that our legislature, when it passed the act of 1905, §2374 Burns' 1908, *supra,* chose rather the broad definition of the crime, which would include those abominations within the mischief of the law, rather than the narrow one which without reason would exclude from punishment a perpetrator of what might well be considered the vilest and most degenerate of all the acts within the inclusion of the broad definition."

Speaking through Judge Myers in *Young* v. *State* (1924), 194 Ind. 221, at p. 225, 141 N. E. 309, concerning the statute here in question, this court said:

"We thus have the words of the statute and their meaning. The only thing left for the court to do is to sensibly apply them as their purposed use in the statute would indicate. This done, they not only cover the thought asserted by appellant, but they have a wider meaning, the corruption of morals, the disgrace of human nature by an unnatural sexual gratification, of which reason and decency forbids a more detailed description."

Again, in *Connell* v. *State* (1939), 215 Ind. 318, at p. 323, 19 N. E. 2d 267, speaking through Judge Tremain, we said:

"The appellant's objections as a whole are built around and based upon a narrow definition of sodomy as given by some courts, but the better reasoning will be found in the authorities which give to that word a broader construction. If the appellant were right in his contention that sodomy can be committed only between persons of the same sex, then he would be entitled to a release. Holding, as this court does, that the term includes a number of relations described in 58 C. J., *supra,* and other authorities, the appellant is without any foundation for a demand for a reversal of this cause."

And, finally, in *Sanders* v. *State* (1940), 216 Ind. 663, at pp. 664, 665, 25 N. E. 2d 995, this court said:

"The statute in this state defines the crime as 'the abominable and detestable crime against nature with mankind or beast.' This court has held in common with the courts of other jurisdictions under similar statutes, that the statutory definition includes both common-law sodomy and acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified contrary to nature."

We affirm the rule as concisely stated by Judge Tremain in *Sanders* v. *State, supra.*

With this rule in mind we proceed to consider whether the act committed by appellant falls within the purview of the statute.

Appellant contends that the term "beast" as used in §10-4221, *supra,* does not include "fowl," and relies upon a definition in 10 C. J. S., p. 219, as follows: A beast is "Any four-footed animal, as distinguished from birds, reptiles, fishes, and insects."; and Wharton's Cr. Law, Vol. 1, §756, p. 1038.

It is also said in 10 C. J. S., *supra,* that: "It has been said that the word 'beast' is a generic term, and that it may be difficult to determine in all respects what animals the term 'beasts' includes; . . . " See also *Culp* v. *Firestone Tire & Rubber Co.* (1931), 303 Pa. 257, 154 A. 479, 480; *Taylor* v. *State* (1845), 25 Tenn. 285, 286.

Webster's International Dictionary, 2d Ed., defines a beast as 1. Any living creature; any animal; 2. Any four-footed animal, as distinguished from birds, reptiles, fishes and insects; 3. An animal;—distinguished from man.

In our opinion the term "beast" as used by the Legislature in §10-4221, *supra,* is a generic term, used in contradistinction to "mankind" and was intended to include any living thing with which the crime, as de-

fined at common law and in the statute, could be committed, as distinguished from man.

Accepting either or both of Webster's definition of a beast as, "any living creature"—"an animal;—distinguished from man," our conclusion as to the meaning of the word "beast" as used in the statute defining sodomy, is supported by numerous authorities.

Under a statute concerning cruelty to animals, this court has held that a fowl, i.e., a goose was an animal. *State* v. *Bruner* (1887), 111 Ind. 98, 12 N. E. 103, 104.

A duck has been held to be an animal under an English statute pertaining to sodomy. *Reg.* v. *Brown* (1889), 24 Q. B. Div. 357, 358; 61 Law Times Reports, 594.

The word animal has been held to include (chickens) "game cocks"; *People* v. *Klock* (1888), 48 Hun. N. Y. 275, and other fowls: *McPherson* v. *James* (1896), 69 Ill. App. 337; *Tate* v. *Ogg* (1938), 170 Va. 95, 195 S. E. 496, 499; *Huber* v. *Mohn* (1883), 37 N. J. Eq. (10 Stew.), 432, 433; and all living creatures except human beings: *State* v. *Bogardus* (1877), 4 Mo. App. 215, 216; *People* v. *Brunell* (1874), N. Y., 48 How. Prac. 435, 447; *Holcomb* v. *Van Zylen* (1913), 174 Mich. 274, 140 N. W. 521, 44 L. R. A. (N. S.) 607; Restatement, Torts, §506, ch. 20.

In our opinion a chicken is a beast within the meaning of that term as used in §10-4221, *supra.*

Appellant further asserts that "The broad definition of the sodomy statute of Indiana as adopted by our courts, violates the 'due process clause' and 'the equal protection of the law clause,' of Sec. 1 of the Fourteenth Amendment to the Federal Constitution, as well as the equal privilege clause of Article 1, Sec. 23 of the Constitution of Indiana, and the 13th and 12th sections of Article 1 of the Constitution of Indiana."

This question is not discussed in the argument section of appellant's brief in the manner required by Rule 2-17(e) of this court, 1954 Edition, and it is, therefore, deemed waived. *Gernhart* v. *State* (1954), 233 Ind. 470, 472, 120 N. E. 2d 265.

The judgment of the trial court is not contrary to law and it will be affirmed.

Judgment affirmed.

NOTE.—Reported in 143 N. E. 2d 290.