ESTES *v.* STATE OF INDIANA.

[No. 30,331. Filed January 23, 1964.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting the appellant of the crime of sodomy.

As cause for reversal, appellant relies upon the following two contentions: (1) That the affidavit is so vague, uncertain and indefinite, appellant could not know definitely from a reading of the affidavit what he had to meet and the trial court could not know the crime intended to be charged and, because of this indefiniteness, appellant would not be protected from the sub-

sequent prosecution based upon the same facts, and (2) that the finding of the court was not sustained by sufficient evidence.

The first issue was raised by motion to quash, which motion was overruled. The pertinent part of the amended affidavit under which this conviction was had, is as follows:

"EDWARD A. SALISBURY
being duly sworn upon his oath says that
ALONZO EDWARD ESTES
on or about the 7th day of MAY A.D., . . . did then and there unlawfully and feloniously commit *the abominable and detestable crime against nature* with one MICHAEL STONESTREET, who was then and there a boy twelve (12) years of age."

The first clause of the sodomy statute upon which this action is based reads as follows:

"Whoever commits the abominable and detestable crime against nature with mankind or beast; . . . " Acts 1905, ch. 169, §473, p. 584, being §10-4221, Burns' 1956 Repl.

In this case the affidavit, in the language of §10-4221, *supra*, charged the appellant with having committed the "abominable and detestable crime against nature with one Michael Stonestreet, who was then and there a boy of twelve (12) years of age." Thus, the offense was obviously alleged to have been committed between persons of the male or masculine sex of "mankind."

The word "sodomy," more fully described as the "abominable and detestable crime against nature with mankind or beast," as the term is used in the first clause of §10-4221, *supra*, when practiced between members of the human species, has a

clear and long established meaning. It means the copulation of the male organ of one with either the mouth or anus of the other. See *Glover* v. *State* (1913), 179 Ind. 459, 465, 101 N. E. 629, L. R. A., N. S. 473.

However, notwithstanding this limitation upon the felonious act charged, appellant contends that the statute has been held to "encompass a vast number of sexual acts which are defined simply as crimes against nature and that an affidavit, which merely charges the offense in the language of the statute, is so vague, uncertain, and indefinite" that it is subject to a motion to quash and that the decisions of this court which have upheld the right of the state to charge a defendant with the crime of sodomy in language no more definite than that contained in the statute are in violation of the Due Process, and Equal Protection clauses of the 14th Amend. of the United States Constitution, §1, and Art. 1, §12 of the Indiana Constitution. Appellant does not fully and, therefore, honestly state the facts upon which he bases his argument. The affidavit does *more* than merely charge the offense in the language of the statute. The affidavit also makes clear that the offensive act was with another human male.

We nevertheless consider the cases cited and relied upon by appellant, in support of the above contention. They are *Murray* v. *State* (1957), 236 Ind. 688, 693, 143 N. E. 2d 290; *Sanders* v. *State* (1940), 216 Ind. 663, 665, 25 N. E. 2d 995, and *Glover* v. *State, supra.* We find that none of the above cited cases sustain the contention of the appellant.

The cases of *Murray* v. *State, supra,* and *Sanders* v. *State, supra,* are not relevant to the issue before us. Those cases merely hold that under the statute "the abominable and detestable crime against nature" in-

cludes not only acts with mandkind, but also "acts of bestial character [between mankind and beast] whereby degraded and perverted sexual desires are sought to be gratified contrary to nature." The case of *Glover* v. *State, supra,* as heretofore stated, merely holds that the first clause within the sodomy statute, *supra,* includes the offense of copulation of the male organ of one person with the mouth or the anus of the other. No authority has been cited nor has any come to our attention which has defined or described the offense with which we are here concerned, in any other manner.

For the reasons above stated, we conclude that the amended affidavit in this case was sufficiently certain to inform the appellant as to the charge against ■ him and to prevent his being subjected to a subsequent prosecution for the same offense; that the offense, as charged, was not subject to the constitutional deficiencies asserted and, therefore, was sufficient to withstand appellant's motion to quash.

Finally, we consider appellant's contention that the evidence was not sufficient to sustain the finding of the court. Michael Stonestreet, the prosecuting witness, a boy of 12 years of age, testified specifically regarding the offense which was committed *per os* [copulation with the mouth]. He further stated that the act was committed in the presence of one Allen David Tucker, another Boy Scout. However, appellant asserts in his brief that no reasonable man could say that appellant's guilt had been proved beyond a reasonable doubt, because the said Tucker "testified that he could not remember the instance to which Michael Stonestreet testified," and, further, because "the appellant herein, according to the evidence, was a man of unblemished character and reputation." However, appellant has not accurately stated the evidence with regard to the wit-

ness Allen David Tucker. His testimony on this subject was as follows:

> "Q. I will ask you, Allen, if you recall an incident occurring in the basement of your church on that date, involving the defendant and Michael Stonestreet?
>
> "A. I don't remember the day, I mean—
>
> "Q. I didn't hear your answer.
>
> "A. Yes.
>
> . . .
>
> "Q. Do you recall seeing the defendant have unnatural relationship with Michael Stonestreet in the basement of your church, on May 7, 1961?
>
> "A. I don't remember."

Contrary to appellant's contention, the reasonable inference to be drawn from the testimony of this witness is that he remembered the *incident,* but did not "remember the day" on which it occurred.

Few rules of appellate practice are more firmly established than that all reasonable inferences which may be drawn from the evidence must be considered as supporting the decision of the trial court, and as stated in *Schlegel* v. *State* (1958), 238 Ind. 374, 378, 150 N. E. 2d 563:

> "If the verdict herein is supported by substantial evidence of probative value it will not be disturbed on appeal."

The evidence was sufficient to sustain the decision of the trial court.[1]

---

1. The trial court erroneously excluded evidence offered by the state as to similar instances which had occurred between the prosecuting witness and appellant, before and after the date charged in the affidavit. It also excluded evidence as to similar offenses between the appellant and another boy, although such evidence was admissible. *Borolos* v. *State* (1923), 194 Ind. 469, 143 N. E. 360; 2 Ewbank's Crim. L., *Sodomy,* §1644, pp. 856-857, 81 C. J. S., §5, p. 375.

Judgment affirmed.

Landis, C. J., and Arterburn, J., concur; Myers, J., concurs in result; Jackson, J., dissents, with opinion.

## DISSENTING OPINION

JACKSON, J.—The majority opinion is, in my opinion, erroneous and I therefore dissent thereto.

Appellant was charged by amended affidavit with the crime of sodomy which, omitting formal parts thereof and signature thereto, reads as follows:

"EDWARD A. SALISBURY being duly sworn upon his oath says that ALONZO EDWARD ESTES on or about the 7th day of May, A.D., 1961, at said County and State as affiant verily believes did then and there unlawfully and feloniously commit the abominable and detestable crime against nature with one MICHAEL STONE-STREET, who was then and there a boy twelve (12) years of age. . . . "

To the amended complaint defendant (appellant) addressed a motion to quash, which omitting caption, signature and endorsements on the back, reads as follows:

"MOTION TO QUASH

"The defendant moves the Court to quash the amended affidavit as amended herein on the following grounds:

"1. The facts stated in said amended affidavit as amended do not constitute a public offense.

"2. Said amended affidavit as amended does not state the offense charged with sufficient certainty.

"MEMORANDUM:

"The allegations of the amended affidavit as amended are so vague and uncertain as to be violative of the defendant's constitutional right to be informed of the 'nature and cause of the accusation against him' as provided in Article 1, Section 13

of the Constitution of the State of Indiana and the Fourteenth Amendment to the Constitution of the United States."

The motion to quash the amended affidavit was overruled, to which ruling appellant excepted, waived arraignment, entered a plea of not guilty and requested trial by jury, which was thereafter waived by both parties.

Trial was had to the court resulting in a finding of guilty, sentence was deferred for investigation by the Probation office of Vanderburgh County until May 28, 1962, at which time appellant was fined in the sum of $100, ordered to pay the costs therein and sentenced to the Indiana State Prison for not less than two (2) years nor more than fourteen (14) years.

Thereafter on June 15, 1962, appellant filed his timely motion for a new trial, which motion, omitting caption, signatures and endorsements on the back thereof, reads as follows:

"The defendant, Alonzo Edward Estes, moves the Court for a new trial on each of the following grounds:

"1. The finding of the Court is contrary to law.

"2. The finding of the Court is not sustained by sufficient evidence.

"3. Error of law occurring prior to the trial and excepted to by the defendant, in this, to-wit:

"The Court erred in overruling the defendant's motion to quash the amended affidavit filed herein.

"WHEREFORE, the defendant, Alonzo Edward Estes, prays the Court for a new trial of said cause."

The motion for new trial was overruled and this appeal followed.

The assignment of error is on the single ground that "[t]he court erred in overruling appellant's motion for a new trial."

The statute on which the prosecution was based is Acts 1905, ch. 169, §473, p. 584, being §10-4221, Burns' 1956 Replacement, and reads as follows:

"Sodomy.—Whoever commits the abominable and detestable crime against nature with mankind or beast; or whoever entices, allures, instigates or aids any person under the age of twenty-one [21] years to commit masturbation or self-pollution, shall be deemed guilty of sodomy, and, on conviction, shall be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1000], to which may be added imprisonment in the state prison not less than two [2] years nor more than fourteen [14] years."

The amended affidavit does not state an offense under the statute. This court has previously stated in *Baumgartner* v. *State* (1953), 232 Ind. 236, 111 N. E. 2d 727, as follows:

"The charge is sodomy. Appellant contends that the affidavit is insufficient because it does not aver the commission of the alleged act 'with mankind or beast,' as the statute requires. Section 10-4221, Burns' 1942 Replacement. The Attorney General of Indiana has filed a brief in which he agrees with appellant, and states that he feels this constitutes reversible error.

"We have examined the affidavit and the statute. We find the appellant and the Attorney General correct.

"Judgment reversed, with instructions to sustain appellant's motion to quash the affidavit."

We are further confronted with the fact that when the finding of the court in a criminal case is challenged as being contrary to law and not being sus-

tained by sufficient evidence, as in the case at bar, we are called upon to look to the record not to weigh the evidence, but to determine whether or not the evidence does in fact support the conviction.

In the case at bar appellant was accused of having committed an act of sodomy with one Michael Stonestreet on May 7, 1961. The only evidence to that effect is the testimony of the prosecuting witness Stonestreet. The State presented Allen Tucker as the corroborating witness who was supposed to have witnessed the alleged act. On direct examination the witness Tucker was asked the following question:

> "Do you recall seeing the defendant have unnatural relationship with Michael Stonestreet in the basement of your church on May 7, 1961?"

He answered: "I don't remember."

Under these circumstances and in view of the fact that the crime of sodomy is such an "abominable and detestable crime against nature" that a specific act need not be stated in the affidavit, how could a witness to such an act forget it? Furthermore, the failure of the corroborating witness to testify as to the commission of the act, in my opinion, totally obliterates the probative value of the testimony of the prosecuting witness. The State made no attempt to explain or modify the testimony of Tucker and thereby acquiesced in the truth thereof as indeed they were bound to accept his testimony as true as they produced him as their witness.

Doubt and suspicion having been cast upon the testimony of the prosecuting witness and there being no other evidence to support the finding and judgment below, I think the statement of this court in *Penn* v.

*State* (1957), 237 Ind. 374, 382, 146 N. E. 2d 240, is appropriate and reads as follows:

"We conclude therefore that in this case the uncorroborated testimony of the prosecutrix was so improbable and incredible that no reasonable man could say that the appellant's guilt had been proved beyond a reasonable doubt."

The cause should be reversed and remanded to the trial court with instructions to sustain appellant's motion to quash the amended affidavit and for a new trial.

NOTE.—Reported in 195 N. E. 2d 471.