STATE OF INDIANA v. ELIZABETH LOPEZ, SANDRA JONES, MARY ELAINE ALTMEYER, MILDRED GOODMAN, MARLENE BULLOCK, BONNIE MATHIS.

[No. 1-173-A-5. Filed June 11, 1973. Rehearing denied July 10, 1973. Transfer denied September 17, 1973.]

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellant.

*Philip H. Hayes,* of Evansville, *Gary Gerling,* of Evansville, *William E. Weikert, Rice & Vanstone,* of Evansville, for appellees.

LOWDERMILK, J.—This is a consolidated appeal of six criminal cases. Each case raises the same question of law.

The six named defendants were charged by indictment of the Grand Jury of Vanderburgh County, Indiana, with sodomy. Motions to quash the indictments were filed on behalf of each defendant on the grounds that the indictments did not state facts which constituted the crime of sodomy as contemplated by the Legislature in IC 35-1-89-1, Burns § 10-4221.

The court, after hearing argument on said motions to quash, ruled as follows, omitting the formal parts thereof:

"The Court finds that the acts which each of the defendants allegedly committed according to the indictment returned by the Vanderburgh County Grand Jury, to-wit:

. Using their hands to rub the bodies of certain individuals in order to sexually stimulate said individuals and while so stimulating the said individuals did with their hands manipulate the protuberant penises of the individuals for the purpose of causing the same to attain sexual orgasm, do not constitute the crime of sodomy as contemplated by the legislature in IC 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns 1956 Repl.).

IT IS THEREFORE ORDERED that the indictments against the defendants and each of them be and hereby are

quashed. The Court notes that the State of Indiana objects to said ruling and refuses to plead further. The sureties are released."

The State filed a motion to correct errors and this is an appeal from an adverse ruling on that motion.

We have no facts of the incidents except that in oral argument counsel said the defendants were working in massage parlors.

The indictments read substantially the same in each case, except that the names of the individuals involved were changed in each indictment. A sample indictment, omitting the names of the parties, would read as follows:

"The Grand Jurors for the County of Vanderburgh and State of Indiana, upon their Oaths, present and charge that (Defendant) on or about the 6th day of May A.D., 1972 at said County did then and there knowingly, unlawfully, feloniously and purposely commit the abominable and detestable crime against nature with mankind, to-wit: (Recipient), a human being, by said defendant using her hands to rub the body of the said (Recipient) in order to sexually stimulate the said (Recipient) and that while so stimulated the said (Defendant) did then with her said hands manipulate the protuberant penis of the said (Recipient) for the purpose of causing the said (Recipient) to attain a sexual orgasm. And so the Grand Jurors aforesaid, upon their oaths, aforesaid, do find and say that the said (Defendant) did then and there knowingly, unlawfully, feloniously and purposely commit the crime of sodomy in manner and form aforesaid. . . ."

The sodomy statute, Burns § 10-4221, reads as follows:

"Whoever commits the abominable and detestable crime against nature with mankind or beast; or whoever entices, allures, instigates or *aids any person under the age of twenty-one* [*21*] *years* to commit masturbation or self-pollution, shall be deemed guilty of sodomy, and, on conviction, shall be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000], to which may be added imprisonment in the state prison not less than two [2] years nor more than fourteen [14] years." (Our emphasis.)

The State takes the position that the indictments alleged sufficient facts to constitute a crime under the first clause of the sodomy statute, *supra,* and also argues that the alleged acts in question should come within the ambit of the language and acts proscribed by the sodomy statute. The State therefore concludes that the trial court committed error in finding that the acts alleged did not constitute the crime of sodomy and the motions to quash were erroneously granted.

Appellees contend that the indictments do not constitute a public offense because they did not allege that the age of the recipient of the alleged activity to be under 21 years. Appellees contend that they were charged with sodomy by masturbation, as defined in the second clause of the sodomy statute. The appellees cite the case of *Combs* v. *Cook* (1958), 238 Ind. 392, 151 N.E.2d 144, for the proposition that all parts of a statute have definite meaning and purpose and effect must be given to every word and clause in a statute, if possible. Thus, the appellees conclude since the indictments did not charge them with enticing, luring, instigating, or aiding any one under the age of 21 years to commit masturbation that the indictments were defective and the motions to quash were properly granted.

The State, in reply, contends that the statute should not be viewed by an extremely hypertechnical approach.

Our sodomy statute has been interpreted by courts in many ways. The underlying theme of all of these decisions is that everyone knows that sodomy is and the courts will not defile their opinions by describing the acts which constitute sodomy under the statute.

The State in oral argument urged with great fervor that under the sodomy statute the trial judge should have heard evidence in the cases before determining whether the indictments stated a criminal offense against the defendants and all of which should have been done before the court ruled on the sufficiency of the indictments. The argument as made was for the purpose, as we interpret it, to let the State itself know

whether the defendants could be adequately charged under the first section of the sodomy statute or could be properly charged under the second section thereof.

Article I, § 13 of the Indiana Constitution provides, in part, as follows:

"§ 13. Rights of Accused—In all criminal prosecutions, the accused shall have the right to a public trial . . .; to demand the nature and cause of the accusation against him, and to have a copy thereof; . . ."

Article I, § 14 of the Indiana Constitution is as follows, to-wit:

§ 14. Former Jeopardy-Self Incrimination—No person shall be put in jeopardy twice for the same offense. No person, in any criminal prosecution, shall be compelled to testify against himself."

Under our constitutional safeguards the defendants were each entitled in their own separate case to have a copy of the indictment furnished to her and be fully and completely informed as to the charge under which she had been arrested and which she would have to meet in the trial of the cause. She could not be compelled to testify against herself. It is axiomatic that the indictment or affidavit must be sufficient and charge a criminal offense against a defendant before the defendant may be properly brought into a court of justice for trial. We therefore hold that the State's argument is without legal foundation and merits no consideration.

The Supreme Court said, in the case of *Connell* v. *State* (1938), 215 Ind. 318, 19 N.E.2d 267:

". . . Sodomy is a crime the meaning of which is well known, and, as many courts have stated, its nature is too disgusting to be further defined. . . ."

The court held, in the case of *Sanders* v. *State* (1940), 216 Ind. 663, 666, 25 N.E.2d 995, that the statutory definition of

sodomy includes both the common law sodomy and acts of a beastial nature. The court further held:

> "This was a prosecuton of the 'abominable and detestable crime against nature.' The statute gives no other definition of the crime, obviously out of regard to the better sentiments of decent humanity, and to leave the record undefiled by details. . . ."

Our Supreme Court, in *Young* v. *State* (1923), 194 Ind. 221, 141 N.E. 309, stated:

> "The obvious purpose of the last clause of the statute was to strengthen the law prohibiting unnatural sexual practices, which were not made criminal at common law. To that end, the words 'masturbation or self-pollution' were chosen by the legislature to define the evil intended to be corrected. . . ."

The court further stated, in *Young*, that the defendant-appellant fell into error when he attempted to define the quoted words within the common law definition of sodomy.

At page 226 the court further said, in *Young, supra:*

> ". . . The enticing, alluring, instigating or aiding persons to engage in the corrupt and immoral act here charged does not depend upon the common law definition of sodomy, but upon the statutory definition . . . 'the abominable and detestable crime against nature with mankind or beast.' . . ."

It must be remembered that in Indiana it is a well settled principle of law that all crimes are statutory; there are no common law crimes in this State.

A history of sodomy statutes may be found in the case of *Glover* v. *State* (1913), 179 Ind. 459, which extensively covers the subject, bringing it down from its English origin.

It appears to us, from *Glover,* that our Legislature amended the Act of 1905 for the purpose of protecting the youth of Indiana and to also make the offense a statutory one rather than partially from the common law and partially from the statutory law.

The State quotes the case of *Dixon* v. *State* (1971), 256 Ind. 266, 268 N.E.2d 84, 87, in support of its position that the sodomy statute has been given a very broad interpretation. The court stated in *Dixon, supra,* as follows:

". . . Courts have universally pointed out that the acts sought to be prevented by this and similar statutes are of such a nature that legislatures and courts are reluctant to engage in detailed descriptions of the many acts which the human being is capable of accomplishing which are so offensive as to be deemed an 'abominable and detestable crime against nature with mankind or beast.' This terminology has been used for generations in this and other jurisdictions and has been deemed to be understood as encompassing not only the act with which the appellant is charged, but many other acts as well. Confining ourselves to the cases decided under the statute in question in Indiana alone, we find that sodomy has been held in addition to the acts specifically stated in the statute, to include the following:

Beastiality. Held to be committed when sexual desires are sought to be gratified by the use of a living creature other than man. *Murray* v. *State* (1957), 236 Ind. 688, 143 N.E. 2d 290.

Carnal copulation *per os* or *per anum*. *Glover* v. *State* (1913), 179 Ind. 459, 101 N.E. 629, 45 L.R.A., N.S. 473.

Cunnilingus. The charge in the case at bar described above. *Young* v. *State* (1923), 194 Ind. 221, 141 N.E. 309.

The courts have held that the statute which encompasses the above acts is applicable to persons of both sexes, holding that the term 'mankind' includes women. *Connell* v. *State* (1939), 215 Ind. 318, 19 N.E.2d 267."

In *Dixon, supra,* the court relied on other cases to hold that at least some acts have been held to come under the sodomy statute, including beastiality, carnal copulation *per os* or *per anum,* and cunnilingus. See, also, 81 C.J.S., *Sodomy,* § 1.

We have found no better definitions of acts which come under the sodomy statute and, in fact, as pointed out in *Connell* v. *State, supra,* the courts have been unwilling to define these acts with any greater degree of particularity.

In the case of *Phillips* v. *State* (1967), 248 Ind. 150, 153, 222 N.E.2d 821, the court, after discussing the sodomy statute, stated as follows:

> "It is to be noted that masturbation without oral copulation *may* constitute sodomy when a party entices, allures on instigates any person *under the age of twenty-one* into performing such an act. . . ." (Our emphasis.)

It must be noted in the *Phillips* case that the writing judge omitted after the word "instigates" the words "or aids" as set out in the statute, IC 35-1-89-1, Burns § 10-4221.

However, this language indicates to us that the acts such as the ones alleged in the case at hand should come under the second clause of the sodomy statute in order to constitute a crime under the statute.

Webster's Third New International Dictionary, Unabridged, defines "masturbation" as follows:

> "Masterbation—. . . erotic stimulation involving the genital organs commonly resulting in orgasm and achieved by manual or other contact exclusive of sexual intercourse, by instrumental manipulation . . ."

The Random House Dictionary of the English Language, Unabridged Edition, defines "masturbation" as follows:

> "Masturbation:
> 1) The stimulation or manipulation of one's own genitals resulting in an orgasm; sexual self-gratification.
> 2) the stimulation, other than by coitus, of another's genitals resulting in an orgasm."

Having fully considered and construed the sodomy statute we are of the opinion that it has been written in the conjunctive, with two separate and distinct sections and that the acts charged by the affidavits in the case at hand come under the second, or latter, section of the statute.

This opinion, we think, covers the first section of the statute with sufficient clarity, giving it a broad interpretation. However, the Legislature saw fit to and did amend the statute

by adding the second part which included masturbation or self pollution and making it an offense for any person to entice, allure, instigate or *aid any person under the age of 21 years to commit masturbation or self pollution,* making that person such as in the case before us, guilty only if the person enticed, et cetera, or aided to commit masturabtion or self pollution was under the age of 21 years; a corollary being that under the statute if a person aided a person over the age of 21 years to masturbate or commit self pollution it would be no offense.

Having determined that the allegations of the indictments fall within the second section of the sodomy statute and constitute a separate and distinct offense from the first section we come to the inescapable conclusion that the indictments must include the requisite age limitations of the patrons who were the recipients of the acts performed by the defendants.[1]

---

1. Under the Acts of 1881, ch. 37, § 100, our Legislature defined the crime of sodomy and fixed the penalty upon conviction and the same reads as follows:

"Sec. 100. Whoever commits the abominable and detestable crime against nature, by having carnal knowledge of a man or a beast, or who, being a male, carnally knows any man or any woman through the *anus,* and whoever entices, allures, instigates or aids any person under the age of twenty-one years to commit masturbation or self-pollution, is guilty of sodomy, and, upon conviction thereof, shall be imprisoned in the state prison not more than fourteen years nor less than two years."

It is to be noted that the present sodomy statute was enacted by our Legislature in 1905 and still remains the law of Indiana on this abominable crime. There is one difference to be noted and that is that in 1905 there was omitted from the 1881 Act the following words, to-wit: "or who, being a male, carnally knows any man or any woman through the *anus,* and"

*Glover v. State* (1913) 179 Ind. 459, 101 N.E. 629, was cited as authority in the opinion. Inasmuch as this case is an extensive review of the law on sodomy under the old English law, back to the year 1376, it is recommended that the *Glover* case be read by those who desire further edification in the history of the offense.

It appears to this court that times have changed so extremely in the past seven centuries and especially in the last few decades that it might be to the best interests of society that the first section of the statutory crime of sodomy in Indiana be spelled out. The age of false pretensions and false pride seems to be past.

Although it was determined by this opinion that the law of sodomy is statutory and complies with the Indiana rule that all crimes are statutory, if it could be logically and without moral derogation, better defined, it would or could enable prosecuting attorneys to know more

The motions to quash, together with memorandums attached contain several specifications, one of which was that the indictments do not contain the offense with which the defendants were charged with sufficient certainty nor that the acts stated in the indictments constitute a public offense. We are of the opinion that the indictments did not charge a public offense and that the court correctly sustained the motions to quash.

Judgment affirmed as to each defendant.

Robertson, P.J. and Llybrook, J., concur.

NOTE.—Reported at 296 N.E.2d 918.

definitely if a law had been violated and, if so, how to properly draft an indictment or affidavit; it would enable the trial court to pass on a motion to quash with less difficulty and more assurance; it would enable the court and attorneys in the trial of the cause to know better how to present their case and what to present and enable the defendant especially to know more specifically what he or she must meet in the trial under the first section; and it would eliminate the necessity of judicial legislation by appeals courts.

In other words, it is our opinion that our Legislature should give credence to the problem created by the sodomy statute and should they see fit to do so, a study might be made by a Study Commission and the sodomy statute rewritten in conformity with the present day liberality among the sexes and to alleviate the burden on the courts to legislate, in some sodomy cases.